SHERWIN v. STATE HIGHWAY COMMISSIONER.

1. HIGHWAYS AND STREETS—STATE TRUNKLINES—CITIES—PARKING.
   The determination of the basic facts as to whether parking or standing on State trunkline highways should be restricted or prohibited within a city has been left to the State highway commissioner and the commissioner of the State police on the basis of the engineering survey required by statute (CLS 1956, § 257-.675, subd [d]).

2. SAME — TRAFFIC ORDER — PARKING — ADMINISTRATIVE PROCEDURE ACT.
   A traffic order by the State highway commissioner and the commissioner of the State police relative to parking on a State trunkline highway within city limits is not a "contested case," as the term is used in the administrative procedure act entitling a specific party to an agency hearing before adoption, where the order relates to the rights, safety, and well-being of the public generally in the use of the highway (CLS 1956, § 24.101 et seq.; § 257.675, subd [d]).

3. SAME—TRAFFIC ORDER—AMENDMENT OF STATUTE.
   Amendment of statute which was enacted before issuance of traffic order but effective after such issuance is not directly involved in determining validity of traffic order (CLS 1956, § 257.675, subd [d], as amended by PA 1959, No 234).

4. SAME—PARKING—PRIVILEGES—VESTED RIGHTS—DUE PROCESS.
   The right to park upon the public street is a privilege, not a vested right protected by due process clauses.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5A Am Jur, Automobiles and Highway Traffic § 52 et seq.
[2, 5, 6, 9] 42 Am Jur, Public Administrative Law §§ 94, 95.
[3] 50 Am Jur, Statutes §§ 468, 469.
[4] 5A Am Jur, Automobiles and Highway Traffic § 52.
[7] 12 Am Jur, Constitutional Law § 567 et seq.
[8] 5A Am Jur, Automobiles and Highway Traffic § 55.
[10] 28 Am Jur, Injunctions § 176 et seq.
[11] 14 Am Jur, Costs § 91.

5. ADMINISTRATIVE LAW—RULES—PROCEDURAL DUE PROCESS.

Procedural due process is not required in the formulation and issuance of general rules and regulations, as distinguished from the rendering of determinations and decisions in adjudicatory proceedings (US Const Am 14; Mich Const 1908, art 1, § 16).

6. SAME—RULES—PROCEDURAL DUE PROCESS.

The rule-making power of a State agency is legislation on the administrative level within the confines of the granting statute, as required by the Constitution and its doctrine of nondelegability and separability of powers, a power in the exercise of which procedural due process need not obtain.

7. CONSTITUTIONAL LAW—DUE PROCESS.

"Due process" has no reference to mere concessions or privileges which a State may control, and bestow or withhold, at will.

8. HIGHWAYS AND STREETS—STATE TRUNKLINE—PARKING—PRIVILEGE —ABUTTING OWNERS.

The right of abutting property owners to park on a State trunkline highway is in the nature of a privilege which, in the exercise of reasonable regulatory power, must yield to the necessities of the traveling public (CLS 1956, § 257.675, subd [d]).

9. SAME—STATUTES—PARKING—STATE TRUNKLINE—DUE PROCESS.

Statute empowering State highway commissioner and commissioner of the State police to restrict or prohibit parking on State trunkline highways within cities after it is determined from an engineering survey that "stopping, standing or parking is dangerous to those using the highway * * * or would unduly interfere with the free movement of traffic thereon" was not invalid on the ground of failure to provide for procedural due process in violation of the due process clauses of the State and Federal Constitutions (US Const, Am 14; Mich Const 1908, art 2, § 16; CLS 1956, § 257.675, subd [d]).

10. SAME—TRAFFIC ORDER—STATUTES—INJUNCTION.

Traffic order issued by State highway commissioner and commissioner of the State police, in accordance with valid statutory provisions, was not within the scope of an injunction issued by circuit court prohibiting parking on State trunkline highway within a home-rule city relating to a previous order which had not complied with the statute (CLS 1956, § 257.675, subd [d]).

11. COSTS—PUBLIC QUESTION—TRAFFIC ORDER—PARKING ON STATE TRUNKLINE.

No costs are allowed in suit to determine validity of traffic order barring parking on State trunkline highway within a home-

rule city, questions of a public nature being involved (CLS
1956, § 257.675, subd [d]).

Appeal from Superior Court of Grand Rapids;
Searl (Fred N.), J., presiding. Submitted June 9,
1961. (Docket No. 51, Calendar No. 48,754.) De-
cided September 22, 1961.

Bill by Raymond A. Sherwin and others against
John C. Mackie, State Highway Commissioner, and
Joseph A. Childs, Commissioner of State Police, to
enjoin enforcement of administrative order relative
to parking on highway running through city. City
of Grand Rapids intervened as party plaintiff. In-
junction granted. Second administrative order is-
sued superseding the first, and plaintiffs sought and
received continuation of injunction. Defendants ap-
peal. Reversed and remanded for denial of injunc-
tive relief as to second administrative order.

*Paul L. Adams,* Attorney General, *Joseph B.
Bilitzke,* Solicitor General, and *Samuel D. Frane,*
Assistant Attorney General, for defendants.

CARR, J. At the time this litigation was instituted
plaintiffs were the owners or occupants of real estate
abutting on State trunkline highway US–131 BR
within the city of Grand Rapids. Acting in reliance
on the provisions of the Michigan vehicle code,[*] and
particularly section 675 thereof, the defendant State
officials, under date of November 7, 1958, issued an
order prohibiting parking on said highway for prac-
tically its entire extent within the city. Thereupon
plaintiffs brought suit in the superior court of Grand
Rapids asserting the invalidity of the order and seek-

[*] PA 1949, No 300, as amended (CLS 1956, § 257.1 *et seq.,* as
amended [Stat Ann 1952 Rev and Stat Ann 1957 Cum Supp § 9.1801
*et seq.,* as amended]).

ing injunctive relief against its enforcement. On the filing of the bill an order to show cause why a temporary injunction should not be granted was issued by the court, and thereafter a temporary injunction was granted as prayed by plaintiffs.

Defendants' motion to dismiss the suit was denied and on May 7, 1959, answer was filed to the bill of complaint, in substance denying plaintiffs' right to the relief sought. On leave granted the city of Grand Rapids intervened in the case, adopting the bill of complaint previously filed on behalf of plaintiffs. Following a hearing the trial judge filed an opinion indicating his determination that plaintiffs had established their right to equitable relief. It was the conclusion of the judge that the procedure observed by defendants was fatally defective in that the owners of abutting property on the highway had not been afforded a hearing on the question of prohibiting parking on the trunkline within the city, with due notice thereof and an opportunity to offer proofs. The court further found that defendant officials had not made findings of basic facts as required by statute, and had otherwise failed to comply with the section of the Michigan vehicle code pursuant to which they had undertaken to act. In accordance with such opinion a final decree in the form of a permanent injunction restraining defendants from enforcing or attempting to enforce said order, designated as No PA 41–87–58, was granted.

From the decree entered no appeal was taken by defendants. Subsequently, however, under date of March 11, 1960, they issued a second order, designated as Order No PA 41–40–60, effective March 17, 1960, differing in form, and to some extent in scope, from the prior order made in November, 1958. The following recitation was contained therein:

"Pursuant to PA 1949, No 300, as amended, we have jointly caused an engineering survey to be made on State trunkline highway US–131 BR in the city of Grand Rapids in Kent county, and having thereby determined that parking would unduly interfere with the free movement of traffic thereon, hereby direct the Michigan State highway department to erect and maintain official signs in conformance with the Michigan manual of uniform traffic control devices which give notice of the following restrictions:"

Prior to the effective date of the order, plaintiffs filed a motion, or petition, in the court asking that defendants be required to show cause why they should not be adjudged guilty of violating the permanent injunction previously issued, and that they be enjoined until the further order of the court from attempting to enforce the order of March 11, 1960.

The order to show cause was granted and a temporary injunction was issued in accordance with plaintiffs' request. Answer was filed on behalf of defendants, asserting in substance that the second order issued by the commissioners differed materially in substance and form from the prior order the enforcement of which the court had enjoined. Defendants also asked that the temporary injunction issued as a part of the show cause order be set aside. Following a hearing at which limited testimony was introduced the trial judge concluded that defendants' Order PA 41–40–60 was "unlawful, void and without effect and is subject to the permanent injunction heretofore entered in this cause." From such order defendants have appealed, claiming that their action was taken in accordance with the statute and was a valid exercise of the authority vested in them by the legislature.

At the time of the proceedings involved in this suit section 675, subd (d) (CLS 1956, § 257.675, subd

(d) [Stat Ann 1960 Rev § 9.2375, subd (d)]), read as follows:

"The State highway commissioner with respect to State trunkline highways and the county road commission with respect to county roads, acting jointly with the commissioner of the Michigan State police, may place signs prohibiting or restricting the stopping, standing or parking of vehicles on any highway where in the opinion of said officials as determined by an engineering survey, such stopping, standing or parking is dangerous to those using the highway or where the stopping, standing or parking of vehicles would unduly interfere with the free movement of traffic thereon. Such signs shall be official signs and no person shall stop, stand or park any vehicle in violation of the restrictions stated on such signs. Such signs shall be installed only after a proper traffic order is filed with the county clerk."

On behalf of defendants it is insisted that the provisions of the statute quoted were, and are, valid, that as enacted by the legislature there was no requirement therein that abutting property owners on a trunkline highway should be given a hearing on a proposed order to regulate traffic on such trunkline by forbidding parking within the street, or in other respects, and that the order made on March 11, 1960, complied in all respects with the statute. It is claimed, and not disputed by plaintiffs, that an engineering survey was duly made, that defendants were advised of the results thereof, and that they concluded as set forth in their order that the parking of cars along the trunkline within the city would "unduly interfere with the free movement of traffic thereon." It will be noted that said order also made specific reference to the engineering survey. It appears from the record before us that defendants undertook to proceed in such manner, in making the order now in question here, as would obviate the

objections raised to the order of November 7, 1958, other than with reference to the claim of plaintiffs that they were entitled to a hearing, due notice thereof, and an opportunity to present proofs relating presumably to the expediency and reasonable necessity of the contemplated order.

The primary question at issue on the appeal now before us is whether there was a lack of procedural due process with reference to the making of the order of defendants here in question, of such character as to invalidate the order and to entitle plaintiffs to the injunctive relief that they have received. A reading of the statutory provisions above quoted, as set forth in section 675 of the Michigan vehicle code, indicates a legislative intent to authorize defendant officials to prohibit or restrict parking of vehicles on a State trunkline highway if it is determined by said officials as a result of an engineering survey that such parking is dangerous to traffic on the highway, or unduly interferes "with the free movement of traffic thereon." It would seem to be an obvious conclusion that if the legislature had intended that a hearing should be afforded those interested in the question of limiting or prohibiting parking specific provisions to that end would have been made. The language of the statute, which certainly is not ambiguous, suggests that it was the legislative intent to permit such parking to be limited or forbidden under certain conditions, and that the determination of the basic facts in that respect was left to the State highway commissioner and the commissioner of the State police on the basis of the engineering survey required.

Attention is directed to the provisions of PA 1952, No 197, as amended,* relative to procedure before

* CLS 1956, § 24.101 *et seq.* (Stat Ann 1952 Rev and Stat Ann 1959 Cum Supp § 3.560[21.1] *et seq.*).

State administrative agencies, providing for the hearing of contested cases, and for right of judicial review in a contested case. It may be observed in this connection that plaintiffs have not sought to invoke the provisions of said act with reference to a review of an order in a contested case by appeal to the circuit court of the county. On the contrary, plaintiffs have sought the aid of equity by bringing suit in the superior court of the city of Grand Rapids. In any event the instant proceeding involving the making of a traffic order pertaining to a State trunkline highway under the provisions of the Michigan vehicle code may not be regarded as a "contested case" which is defined in the statute as a proceeding "in which the legal rights, duties or privileges of a specific party or specific parties are required by law or constitutional right to be determined after an opportunity for an agency hearing." The order of the defendants here in question affected all members of the public using the trunkline in question through or within the city of Grand Rapids. It was not a proceeding to determine rights or privileges of a specific party or parties. Rather, under the statute it is concerned wholly with the rights, safety, and well-being of the public generally in the use of the highway. The procedure to be observed, as prescribed by legislative action, clearly rests on such basis.

It may be noted in passing that by PA 1959, No 234, effective March 19, 1960, but passed by the legislature, and approved by the governor on August 12, 1959, section 675 of the Michigan vehicle code was amended by adding thereto a provision that a home-rule city should upon application therefor be given an opportunity for a hearing on traffic control orders affecting parking upon a State trunkline highway within the corporate limits of such city. It was therein provided that upon such application the pro-

ceedings before the State highway commissioner should be considered a contested case within the meaning of PA 1952, No 197. It will be noted that this provision applies only in the event of an application for a hearing by a city, and was not in force at the time of the making of the order here involved. However, it suggests the legislative interpretation of the statute prior to the amendment. Limiting the right of a hearing to the city, on application therefor, is inconsistent with the claim that other parties, including abutting property owners, are entitled to such a hearing and, likewise, is at variance with the contention that the exercise of the authority vested by statute in the defendant officials is to be considered generally as a contested case. Obviously the 1959 amendment to the statute is not directly involved in the present controversy, but consideration thereof will undoubtedly enter into the determination of subsequent proceedings of like nature.

This brings us to a consideration of the question whether section 675 of the Michigan vehicle code fails to provide for due process of law insofar as the rights of plaintiffs in the instant proceeding are concerned. Is there a fatal lack of provision for due process in connection with the traffic order in issue? Obviously the question involves the nature of the interests of plaintiffs with reference to the parking of vehicles by themselves, and by members of the public generally, on the trunkline within the city of Grand Rapids. This Court declared in *Bowers* v. *City of Muskegon*, 305 Mich 676, 681, which involved the right of the city to enact a parking meter ordinance, that:

"It must be assumed that parking in a city street is a privilege and subject to regulation by the proper authorities of the city entailing upon the city additional expenses in order that there may be proper

supervision and regulation.  If parking is a privilege and not an absolute right, the power to regulate implies the power to exact a fee for the cost of such regulation."

Such statement was quoted with approval in *Wayne Village President* v. *Wayne Village Clerk,* 323 Mich 592, 598 (8 ALR2d 357), and also in *Cleveland* v. *City of Detroit,* 324 Mich 527, 538 (11 ALR2d 171).

In 16A CJS, Constitutional Law, § 599, p 702, it is stated on the basis of numerous citations of decisions from different States that:

"The due process clauses protect vested rights only, and have no reference to mere concessions or privileges which the public authorities may control, and bestow, or withhold, at will, whether the particular authorities are the Federal government, a State, or a municipality; nor do due process clauses apply to supposed property rights which a State court has found to be nonexistent, or which are in fact nonexistent, or to rights or interests which have not become vested and are open to doubt or controversy."

As before noted, the order of the defendants prohibiting parking on trunkline US–131 BR within the city of Grand Rapids is not directed to acts of specific individuals but, rather, affects the public generally.  The prohibition was imposed in the manner fixed by statute on the basis of the facts disclosed by the engineering survey, and the finding of the defendants that street parking unduly interfered with the free movement of traffic.  In view of the scope of the application of the order the decision of the United States supreme court in *Bi-Metallic Investment Company* v. *State Board of Equalization of Colorado,* 239 US 441 (36 S Ct 141, 60 L ed 372), is of interest.  Involved there was the claim of the plaintiff that it was denied due process of law be-

cause it was not given an opportunity to be heard prior to the making of an order increasing by 40% the valuation of all taxable property in the city of Denver. In rejecting such claim the court, speaking through Mr. Justice Holmes, said in part (p 445):

"Where a rule of conduct applies to more than a few people it is impracticable that every one should have a direct voice in its adoption. The Constitution does not require all public acts to be done in town meeting or an assembly of the whole. General statutes within the State power are passed that affect the person or property of individuals, sometimes to the point of ruin, without giving them a chance to be heard. Their rights are protected in the only way that they can be in a complex society, by their power, immediate or remote, over those who make the rule. If the result in this case had been reached as it might have been by the State's doubling the rate of taxation, no one would suggest that the Fourteenth Amendment was violated unless every person affected had been allowed an opportunity to raise his voice against it before the body entrusted by the State Constitution with the power. In considering this case in this court we must assume that the proper State machinery has been used, and the question is whether, if the State Constitution had declared that Denver had been undervalued as compared with the rest of the State and had decreed that for the current year the valuation should be 40% higher, the objection now urged could prevail. It appears to us that to put the question is to answer it. There must be a limit to individual argument in such matters if government is to go on."

The supreme court of Washington in *Senior Citizens League, Inc.,* v. *Department of Social Security,* 38 Wash 2d 142 (228 P2d 478), discussed at some length the constitutional guaranties with reference to due process of law. It was there said, in part (pp 168, 169, 171):

"Procedural due process is not required, however, in the formulation and issuance of general rules and regulations, as distinguished from the rendering of determinations and decisions in adjudicatory proceedings.   Nor is procedural due process required where there is no interference with life, liberty, or a vested property right.   Measured by either of these tests, it is clear that the sanctions of the due process clauses are not here applicable.

" 'Rule-making' is legislation on the administrative level, *i.e.*, legislation within the confines of the granting statute, as required by the Constitution and its doctrine of nondelegability and separability of powers.   *Willapoint Oysters, Inc.,* v. *Ewing* (CCA 9), 174 F2d 676, certiorari denied, 338 US 860 (70 S Ct 101, 94 L ed 527).   It is the function of laying down general regulations as distinguished from orders that apply to named persons or to specific situations, the latter being adjudicatory in nature.   Procedure in Administrative Rule-Making, Fuchs, 52 Harv L Rev 259, 263.

"Admitting that problems are encountered in classifying some kinds of procedures as rule-making on the one hand, or judicial or quasi-judicial on the other, no such difficulty is presented in this case. The rules and regulations which may be prescribed under No 178* are those which relate to classes of persons and situations, as distinguished from specific persons and situations.   They are, to use the language of the administrative procedure act, 60 Stat, ch 324, p 237, § 2 (c), 5 USCA, § 1001 (c), agency statements of 'general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy.'

"The due process provisions do not require that there be notice and hearing before the promulgation of such rules and regulations.   *Spokane Hotel Co.* v. *Younger,* 113 Wash 359 (194 P 595); *Bi-Metallic*

---

* Reference is to initiative measure No 178, a comprehensive act relating to the State-wide public assistance program, the constitutionality of which was questioned by the court action.—REPORTER.

*Investment Co.* v. *State Board of Equalization of Colorado,* 239 US 441 (36 S Ct 141, 60 L ed 372); *Willapoint Oysters, Inc.,* v. *Ewing, supra; Guiseppi* v. *Walling* (CCA 2), 144 F2d 608 (155 ALR 761); *H. F. Wilcox Oil & Gas Co.* v. *State,* 162 Okla 89 (19 P2d 347, 86 ALR 421). * * *

"In addition to the foregoing reasons, the due process requirement must be held to be inapplicable here because appellants are not asserting the kind of a right with which the due process provisions are concerned.

"The term 'property,' as used in the due process clause, refers to vested rights. It has no reference to mere concessions or privileges which a State or municipality may control, and bestow or withhold at will. 16 CJS [1939], Constitutional Law, § 599, pp 1195, 1198; 4 Selected Essays on Constitutional Law (Foundation Press, 1938) 568. Appellants, as we have already seen, have no vested rights to public assistance, whether provided by chapter 6, Laws of 1949, or otherwise. Therefore, the rules and regulations which may be promulgated under No 178 cannot deprive appellants of property subject to protection under the due process requirement."

Without discussing the matter in further detail it must be said that plaintiffs have no vested property right insofar as parking on trunkline highway US-131 BR within the city of Grand Rapids is concerned. As this Court has repeatedly held, the right of parking is in the nature of a privilege and such privilege, in the exercise of reasonable regulatory power, must yield to the necessities of the traveling public. The function vested by the statute in the defendant State officials is to ascertain if the facts exist in a given instance that require or justify a limitation or prohibition of the privilege of parking. In other words, we are dealing with a situation in which the legislature has specifically authorized action of a certain nature when required in the public

interest. Defendants do not exercise judicial powers but, through the means prescribed by statute, determine if the situation involved is of such nature as to require the exercise of the authority expressly conferred to the end that the legislative will may be carried out. The statute is not invalid on the ground that it fails to provide for procedural due process, in violation of the due process provisions of the State and Federal Constitutions.*

We note that said statute, as against objections not raised in the instant case, was sustained by the decision of this Court in *Allen* v. *State Highway Commissioner,* 338 Mich 407. A like conclusion follows with reference to the objections raised thereto in the instant case. The situation, therefore, is that the defendants in making the order of March 11, 1960, acted pursuant to a valid statute of the State. The injunction granted against the enforcement of the prior order of November 7, 1958, was limited in its application solely to that order. We have no doubt that it was not intended to prevent the defendant State officials from exercising, in accordance with the statute, the authority vested in them by the legislature. The order here in question was not within the scope of the original injunction.

The order from which the appeal has been taken is set aside, and the cause is remanded to the superior court of Grand Rapids for entry of an order denying plaintiffs' request for injunctive relief against the order of March 11, 1960, and dismissing the motion or petition of the plaintiffs for such relief. Questions of a public nature being involved, no costs are allowed.

DETHMERS, C. J., and KELLY, TALBOT SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

---

* See Mich Const 1908, art 2, § 16; US Const, Am 14.—REPORTER.