GLASS *v.* STATE HIGHWAY COMMISSIONER.

1. CONSTITUTIONAL LAW—DUE PROCESS—EMINENT DOMAIN—HEAR-
   ING ON NECESSITY—HIGHWAY DEPARTMENT EMPLOYEE—INTERESTED
   PARTY.
   Refusal of employee of State highway commissioner to disqualify
   himself from conducting hearing on necessity for the taking
   of property for State highway purposes operated to deprive
   property owners of due process, since such employee was an
   interested person to the extent of keeping his job by carrying
   into effect the highway planning of his appointing superior,
   and the situation required the calling in of a circuit court
   commissioner (US Const, Am 14; Mich Const 1908, art 2, § 16;
   art 13, §§ 1, 2; CL 1948, §§ 213.174, 213.174a).

2. SAME—DUE PROCESS—FAIR TRIAL.
   A fair trial in a fair tribunal is a basic requirement of due
   process (US Const, Am 14; Mich Const 1908, art 2, § 16).

3. COSTS—EMINENT DOMAIN—HEARING ON NECESSITY—DISQUALIFIED
   EMPLOYEE.
   No costs are allowed on appeal by property owners in proceeding
   to condemn their land for State highway purposes, where
   employee of State highway commissioner declined to disqualify
   himself from conducting hearing on necessity notwithstanding
   his interest in the outcome of the case (US Const, Am 14; Mich
   Const 1908, art 2, § 16; art 13, §§ 1, 2; CL 1948, §§ 213.174,
   213.174a).

Appeal from Wayne; Kaufman (Nathan J.), J.
Submitted June 4, 1963. (Calendar No. 8, Docket
No. 50,090.) Decided July 17, 1963.

Certiorari by William Glass and Josephine Glass
against John C. Mackie, State Highway Commis-

REFERENCES FOR POINTS IN HEADNOTES
[1] 18 Am Jur, Eminent Domain §§ 331, 334.
[2] 12 Am Jur, Constitutional Law § 567 *et seq.*
[3] 18 Am Jur, Eminent Domain §§ 378, 379.

sioner, to review determination of necessity for taking property for highway purposes. On motion writ quashed. Plaintiffs appeal. Reversed and remanded.

*Robert E. Childs,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso* and *John M. Roche,* Assistant Attorneys General, for defendant.

BLACK, J. Two presently effective and unamended sections of the Constitution of 1908, and 2 sections of PA 1925, No 352, as amended, are brought to scrutiny upon invocation of the constitutionally guaranteed right of due process. Copied below, the 4 will introduce the ensuing opinion.

"Sec. 1. Private property shall not be taken by the public nor by any corporation for public use, without the necessity therefor being first determined and just compensation therefor being first made or secured in such manner as shall be prescribed by law." Const 1908, art 13, § 1.

"Sec. 2. When private property is taken for the use or benefit of the public, the necessity for using such property and the just compensation to be made therefor, except when to be made by the State, shall be ascertained by a jury of 12 freeholders residing in the vicinity of such property, or by not less than 3 commissioners appointed by a court of record, as shall be prescribed by law: Provided, That the foregoing provision shall not be construed to apply to the action of commissioners of highways or road commissioners in the official discharge of their duties." Const 1908, art 13, § 2.

"Sec. 4. Whenever the board or commissioner shall be unable to agree with any person interested

in any such property for the purchase thereof, or whenever such person shall be unknown or a non-resident of the county, or a minor or an insane or incompetent person, the board or commissioner may make a written determination of the necessity of the particular highway construction, improvement, landscaping or maintenance project for which such property is desired, the necessity for taking the particular property described, and the damages which, in the opinion of the board or the commissioner, should be paid as compensation for the taking of each parcel of such property. Such determination shall also describe the property desired and shall give the name of each person interested therein, so far as known to the commissioner or commissioners making the determination. The declaration of the board or commissioner that he or it has made a good faith effort and has been unable to agree with the owner, or owners, for the purchase of such property and his or its determination of the necessity of the project and of taking the particular property described therefor, if received in evidence at the necessity hearing provided in this section, shall not thereafter be questioned: Provided, That no such determination shall be made except after a hearing, of which written notice shall be given of the time and place for such hearing to all persons interested so far as known in the property desired, at least 7 days before the time of hearing, such notice to be served as hereinafter provided in section 29 of this act. CL 1948, § 213.174 (Stat Ann 1958 Rev § 8.174).*

"Sec. 4a. In the event the board or commissioner shall for any reason be disqualified to hear and determine the matter of necessity, as provided in this act, such matter of necessity only shall be heard by a circuit court commissioner of the county in which the property sought to be condemned is located

---

* This section 4 was amended, in presently immaterial respect, by PA 1962, No 22.

or by a circuit court commissioner acting in such county, as provided by law, and in case any disqualification shall be alleged against any board or commissioner before or during such hearing on necessity, such board or commissioner if they deem such allegation well-founded, may call upon a circuit court commissioner, qualified as hereinbefore provided, to hear the matter and make the determination herein prescribed, and on the day set for hearing a continuance for such purpose to a day certain, may be had if necessary. Upon the day fixed by the notice or the day certain set by such continuance, or upon such other date as said matter may be continued to, such circuit court commissioner shall hear the issue of necessity involved. Any determination on the matter of necessity made hereunder by a circuit court commissioner shall have the same force and effect and shall be filed with and acted upon by the board or commissioner in the same manner and be subject to all the provisions of this act, as are determinations made by such board or commissioner." CL 1948, § 213.174a (Stat Ann 1958 Rev § 8.175).

Promptly upon institution of this proceeding the appellant landowners demanded that Special Deputy Highway Commissioner Hart disqualify himself, as an interested "person," from hearing and determining the necessity of taking their property for highway purposes. Such demand was planted, of course, upon the right to due process as guaranteed by like provisions of the Federal and State Constitutions. See Const 1908, art 2, § 16, and United States Constitution, Am 4. The demand was overruled.

It is agreed that, "at the time of the necessity hearing, Mr. Hart was an employee of the State highway department in charge of the condemnation and closing section of the State highway department, having the title of, 'Chief, Condemnation Closing'."

The hearing proceeded. Special Deputy Hart recommended a finding of necessity, whereupon a

determination was made by the State highway commissioner that necessity for the taking of appellants' property for highway purposes had been shown. Appellants thereupon sued out circuit court certiorari to review the constitutional question posed by their demand. The writ was quashed below on motion of the attorney general. Appellants are here on application and grant of leave. The reviewable question is posed by stipulation of the parties:

"Does due process require that an employee on the payroll of the State highway department disqualify himself from conducting and presiding at the hearing on necessity when such action is requested prior to the hearing by counsel for the land owners?"

What was written in *Lookholder* v. *State Highway Commissioner,* 354 Mich 28—at 32 and 33—has foreshadowed an affirmative answer. Mr. Hart was an interested "person"; interested to the extent of keeping his job by carrying into effect the highway planning of his appointing superior, a part of which planning was the taking of appellants' property. The case presents another instance of that which Alexander Hamilton had in mind when he wrote the quotation found in *O'Donoghue* v. *United States,* 289 US 516 at 531 (53 S Ct 740, 77 L ed 1356):

"In the general course of human nature, *a power over a man's subsistence amounts to a power over his will.*"*

Upon such premise it is ruled that Mr. Hart's refusal to disqualify himself operated to deprive appellants of the process that was due them. Decision is controlled by *Tumey* v. *Ohio,* 273 US 510 (47 S Ct 437, 71 L ed 749, 50 ALR 1243), and *In re Murchison,* 349 US 133 (75 S Ct 623, 99 L ed 942),

---

* The italics are in the original Federalist papers. *O'Donoghue* at 531.

followed in *Lookholder, supra.* The supreme court said, in *Murchison* (at 136):

"A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness. To this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome. That interest cannot be defined with precision. Circumstances and relationships must be considered. This court has said, however, that 'every procedure which would offer a possible temptation to the average man as a judge   *   *   * not to hold the balance nice, clear and true between the State and the accused, denies the latter due process of law.' *Tumey* v. *Ohio,* 273 US 510, 532, 47 S Ct 437, 71 L ed 749, 758, 50 ALR 1243. Such a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way 'justice must satisfy the appearance of justice.' *Offutt* v. *United States,* 348 US 11, 14, 75 S Ct 11, 99 L ed 11."

Such reasoning applies equally to Michigan's assurance of due process. The right is no less forceful when a man's property rather than his liberty is threatened. Our judgment, then, is that Mr. Hart had "an interest in the outcome" of this proceeding. That was sufficient on timely demand to call for his disqualification as a presiding and deciding commissioner, and for the calling in of a circuit court commissioner under foregoing section 4a. Indeed, section 4a provides a ready means for avoidance even of the "appearance" of injustice. *Offutt* and *Murchison* make such avoidance both judicially and constitutionally desirable.

Reversed and remanded for entry of order upholding appellants' demand for disqualification. No costs.

Carr, C. J., and Dethmers, Kelly, Kavanagh, Souris, Smith, and O'Hara, JJ., concurred.