DETROIT EDISON COMPANY *v.* DEPARTMENT
OF TREASURY.

1. Taxation—Corporations—Franchise Fee—Review of Redetermination.

Action against the department of treasury to set aside redetermination of deficiency in plaintiff's franchise fees is governed by statute providing that any corporation conceiving itself to be aggrieved by any redetermination of its franchise fee by the department of treasury may appeal within 20 days to an appeal board, rather than by the administrative procedures act (CLS 1961, §§ 24.108, 450.309).

2. Officers—Elected State Officials—Corporation Franchise Fee Appeal Board.

The corporation franchise fee appeal board still exists, even though 2 of the 3 State officers who are statutory members of the board are now appointed rather than being elected as they were when the statute creating the board was enacted (CLS 1961, § 450.309; CL 1948, § 16.182 added by PA 1965, No 380).

3. Same—Governmental Agency—Membership—Appointment by Governor.

The governor may designate a State officer or State departmental official to be a member of a governmental agency to replace a State officer or State department official who was a member of the agency and whose office was not continued under the executive reorganization act (CL 1948, §§ 16.182, 16.607 added by PA 1965, No 380).

References for Points in Headnotes ·
[1]  51 Am Jur, Taxation §§ 808–811.
[2]  51 Am Jur, Taxation §§ 813–816.
[3]  42 Am Jur, Public Officers § 93
[4]  5 Am Jur 2d, Appeal and Error § 1009.

4. Costs—Public Question.

> No costs are allowed on appeal from action to set aside a rede-
> termination of deficiency in plaintiff's franchise fees, a pub-
> lic question being involved.

Appeal from Ingham, Coash (Louis D.), J. Sub-
mitted Division 2 June 5, 1968, at Lansing. (Docket
No. 3,847.) Decided August 29, 1968. Leave to ap-
peal granted by Supreme Court December 30, 1968.
381 Mich 795.

Complaint by Detroit Edison Company, a New
York corporation, against the Department of Treas-
ury of Michigan, Allison Green, State Treasurer, and
Lloyd L. Anderson, Deputy State Treasurer, to set
aside redetermination of deficiency in plaintiff's
franchise fee. Defendants' motion for accelerated
judgment denied. Defendants appeal. Reversed
and remanded.

*Fischer, Sprague, Franklin & Ford,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *William D. Dex-
ter,* Assistant Attorney General, for defendants.

R. B. Burns, J. This case involves the computa-
tion of the corporation franchise fees of the plaintiff
for the years 1959 through 1966. The defendant de-
partment of treasury (performing duties formerly
belonging to the corporation and securities commis-
sion[1]) determined that the plaintiff's payments were
deficient by $3,949,333.12. Upon plaintiff's request
the department of treasury made a redetermination
of the franchise fees due and reduced the deficiency
to $3,311,806.15. Thereafter plaintiff filed a com-

---

[1] CL 1948, § 16.190 added by PA 1965, No 380 (Stat Ann 1965,
Cum Supp § 3.29[90]).

plaint in the Ingham county circuit court allegedly pursuant to the administrative procedure act. CLS 1961, § 24.108 (Stat Ann 1961 Rev § 3.560[21.8]). The defendants filed a motion for accelerated judgment on the ground that the court lacked jurisdiction. They argued in the trial court and argue here that the proper procedure is an appeal to the corporation franchise fee appeal board and from there to the Court of Appeals. The circuit court denied defendants' motion for accelerated judgment, and defendants, by leave granted, appeal to this Court.

CLS 1961, § 450.309 (Stat Ann 1963 Rev § 21.210) provides in part:

"Any corporation conceiving itself to be aggrieved by any such redetermination may appeal within 20 days after notification thereof to an appeal board composed of the attorney general as its chairman, the state treasurer, and the auditor general as its secretary. The appeal board shall recompute the liability of the taxpayer and shall notify the taxpayer and the commission promptly on its decision.

"The commission and/or the corporation may, within 30 days after notification of such decision, and not after, appeal from the decision of the appeal board to the supreme court[2] of the state.

"The appeal board shall prescribe reasonable rules and regulations for the conduct of its proceedings."

In *Dossin's Food Products, Inc.,* v. *State Tax Commission* (1960), 360 Mich 312, the Supreme Court pointed out that the general property tax act (PA 1893, No 206, as amended) is a "specific statute" and the administrative procedure act (PA 1952, No 197) is a "general statute." Consistent with the authority cited and quoted in Justice KELLY's opinion, the Court construed the "specific statute" as

---

[2] The appropriate Court is now the Court of Appeals. See GCR 1963, 801.1 (373 Mich xxxii).

an exception to the "general statute." It follows that in the present case the specific statute, CLS 1961, § 450.309 (Stat Ann 1963 Rev § 21.210) governs, and the plaintiff should have sought its relief before the corporation franchise fee appeal board.

However, plaintiff doubts that such an appeal board validly exists since the passage of the executive organization act, PA 1965, No 380 (assigned CL 1948, § 16.101 *et seq.* [Stat Ann 1968 Cum Supp § 3.29(1) *et seq.*]). Section 82 (CL 1948, § 16.182 [Stat Ann 1968 Cum Supp § 3.29(82)]) of that act provides:

"All powers, duties and functions of the auditor general elected under the Constitution of 1908, excepting those reassigned by sections 79, 80 and 81 of this act and those granted to the auditor general appointed under article 4, section 53 of the Constitution of 1963, are transferred by a type III transfer to the department of treasury, and the office of the elected auditor general is abolished."

Plaintiff claims the act creating the appeal board, *supra,* provided for members who were elected officials. Plaintiff reasons that since the offices of the elected auditor general and State treasurer have been abolished and are now appointed, the board no longer exists. Plaintiff has placed undue emphasis on the mode of attaining public office and has overlooked a clearly expressed legislative intent to continue the corporation franchise fee appeal board. See CL 1948, § 16.189 (Stat Ann 1968 Cum Supp § 3.29[89]) which provides:

"The corporation franchise fee appeal board created under sections 9 and 10 of Act No. 85 of the Public Acts of 1921, as amended, being sections 450.309 and 450.310 of the Compiled Laws of 1948, is transferred by a type I transfer to the department of treasury."

Plaintiff's argument also ignores the effect of CL 1948, § 16.607 (Stat Ann 1968 Cum Supp § 3.29 [507]) which states that:

"If under any law a state officer or state department official is designated as a member of a governmental agency and if such state officer or state departmental official is not continued under the provisions of this act, the governor by executive order may designate a state officer or state departmental official to succeed to the membership."

Pursuant to this authority, the governor designated the director of the department of licensing and regulation to serve as a member of the appeal board. In accordance with PA 1964, No 17, assigned CL 1948, § 16.51 (Stat Ann 1968 Cum Supp § 3.997), the director appointed a deputy director to serve in his place. Objections to this latter delegation of authority based upon *Detroit Edison Company* v. *Corporation & Securities Commission* (1960), 361 Mich 150, have been overcome with the passage of PA 1964, No 17.

In our opinion plaintiff's exclusive method of review from the redetermination by the treasury department was an appeal to the appeal board. The circuit court, not having jurisdiction, should have granted defendants' motion for accelerated judgment.

In view of our determination that the circuit court did not have jurisdiction, it is not necessary to discuss the constitutional issue raised by the plaintiff.

The case is remanded to the circuit court of Ingham county with directions to set aside the order appealed from and to grant defendants' motion for accelerated judgment dismissing the cause.

Reversed and remanded.

No costs, a public question being involved.

LESINSKI, C. J., and FENLON, J., concurred.