DETROIT EDISON COMPANY *v.* DEPARTMENT
OF TREASURY.

DECISION OF THE COURT.

1. CORPORATIONS—FRANCHISE FEE—REMAND TO CIRCUIT COURT.

Circuit court's denial of accelerated judgment to defendant
State department of treasury, the State treasurer, and the
deputy State treasurer dismissing plaintiff corporation's pro-
ceeding to set aside redetermination of deficiency in its
franchise fee, which denial had been reversed by the Court
of Appeals, is affirmed by the Supreme Court and the cause
remanded to the circuit court for further proceedings.

SEPARATE OPINION.

DETHMERS and BLACK, JJ.

2. ADMINISTRATIVE LAW AND PROCEDURE—CORPORATION FRANCHISE
FEES—REVIEW.

*Review of plaintiff's franchise fee by corporation tax appeal
board is not the exclusive remedy; plaintiff may appeal
franchise fee determination in circuit court pursuant to the
administrative procedures act (CLS 1961, § 24.101 et seq.,
§ 450.309).*

---

REFERENCES FOR POINTS IN HEADNOTES

*Decision of the Court.*

[1] 51 Am Jur, Taxation §§ 808–824.

*Separate Opinion.*

[2–4] 2 Am Jur 2d, Administrative Law § 560.
[5, 6] 1 Am Jur 2d, Administrative Law §§ 63–68.
Member of governmental board voting on measure involving his
personal interest. 133 ALR 1257.
[7] 20 Am Jur 2d, Costs §§ 14, 87.

*Separate Opinion.*

[8] 2 Am Jur 2d, Administrative Law § 560.
[9, 10] 2 Am Jur 2d, Administrative Law §§ 572, 585.
[11] 1 Am Jur 2d, Administrative Law §§ 63–68.
16 Am Jur 2d, Constitutional Law § 582.
[12, 13] 2 Am Jur 2d, Administrative Law § 560.
[14] 5 Am Jur 2d, Appeal and Error § 1009.

*Separate Opinion.*

[15] 5 Am Jur 2d, Appeal and Error §§ 936, 962, **963.**

3. SAME—CORPORATION FRANCHISE FEES—REVIEW—CIRCUIT COURT—ACCELERATED JUDGMENT.

Refusal of trial judge to grant accelerated judgment for defendants in action in circuit court to review assessment of franchise fee of plaintiff was proper where plaintiff had right of review in circuit court under administrative procedures act (CLS 1961, § 24.101 et seq., § 450.309).

4. SAME—CORPORATION FRANCHISE FEES—REVIEW—CIRCUIT COURT.

Provision in administrative procedures act granting right of review of administrative decision in circuit court does not expressly exclude from its operation either the former corporation and securities commission or the present treasury department; hence, plaintiff corporation is entitled to review in circuit court of its franchise fee as assessed by department of treasury (CLS 1961, §§ 24.101, 450.309).

5. CONSTITUTIONAL LAW—DUE PROCESS—TRIBUNALS—IMPARTIALITY.

Due process requires that a tribunal be fair and impartial, but impartiality is lacking where a member of the tribunal has a pecuniary interest in the outcome of the proceeding.

6. SAME—DUE PROCESS—TREASURY DEPARTMENT—STATE TREASURER—ATTORNEY GENERAL—CORPORATION TAX APPEAL BOARD.

Service by State treasurer and attorney general on corporation tax appeal board, after State treasurer has sat as a statutory redeterminer of the corporation franchise fee and attorney general has acted first as advocate for review by appeal board then as member of appeal board, raises the appearance of injustice under due process requirement that a member of a tribunal have no interest in the outcome of proceedings before it (CLS 1961, § 450.309).

7. COSTS—CORPORATION FRANCHISE FEE—JUDICIAL REVIEW.

Costs thus far sustained in all 3 courts, circuit court, Court of Appeals, and Supreme Court, are awarded plaintiff corporation, where it is at last successful in obtaining a review in circuit court of determination of its corporation franchise fee (CLS 1961, § 24.101 et seq.).

SEPARATE OPINION.
T. M. KAVANAGH, ADAMS, and T. G. KAVANAGH, JJ.

8. ADMINISTRATIVE LAW AND PROCEDURE—CORPORATION FRANCHISE
   FEES—REVIEW.
   *Review of corporation's franchise fee by corporation tax appeal
   board is not the exclusive remedy (CLS 1961, § 450.309).*

9. SAME—STATUTES—CONTESTED CASE—DEFINITION.
   *"Contested case" is defined by the administrative procedures act
   to be a proceeding before an agency in which the legal rights,
   duties, or privileges of a specific party or parties are required
   by law or constitutional right to be determined by agency
   hearing (CLS 1961, § 24.101).*

10. SAME—CORPORATIONS—FRANCHISE FEE—CONTESTED CASE.
    *There can be no contested case, as term is used in administrative
    procedures act, arising under the statute imposing a franchise
    fee on corporations under statute making no provision for
    opportunity for hearing before an agency, either in the deter-
    mination or redetermination of tax (CLS 1961, §§ 24.101, 450-
    .309).*

11. CORPORATIONS—FRANCHISE FEE—APPEAL BOARD—DUE PROCESS.
    *The corporation tax appeal board, provided for by the statute
    imposing a franchise fee on corporations, which is comprised
    of the attorney general, State treasurer, and director of
    department of licensing and regulation, is improper because
    neither the inconsistent positions of advocate and judge which
    are placed on the office of attorney general nor the assignment
    of the State treasurer to review on appeal a matter prepared
    by his own office meets the constitutional requirements of fair-
    ness and impartiality such a tribunal must have under our
    concept of due process (CLS 1961, § 450.309; PA 1965, No 380,
    § 90, as amended by PA 1966, No 324; Executive Order 1966–
    6).*

12. SAME—FRANCHISE FEE—JUDICIAL REVIEW—APPEAL AND ERROR.
    *Judicial review under the statute imposing a franchise fee on
    corporations is provided by way of appeal to the Supreme
    Court from the decision of the corporation tax appeal board;
    however, because the appeal board is improperly constituted,
    the act authorizing an appeal to the circuit court of the county
    of which appellant is a resident or to the circuit court of*

*Ingham county must be invoked (CLS 1961, §§ 450.309, 600-.631).*

13. SAME—CIRCUIT COURT—FRANCHISE FEE—JUDICIAL REVIEW.

*Circuit court is directed to permit either party to action to collect corporation franchise tax to introduce such evidence as may be necessary properly to establish its case, where there is no record before the Supreme Court, the corporation tax appeal board is improperly constituted, and revised judicature act provides for judicial review of administrative orders and decisions not otherwise provided for by law (CLS 1961, §§ 450-.309, 600.631).*

14. COSTS—PUBLIC QUESTION—CORPORATION FRANCHISE FEE.

*No costs are allowed upon appeal involving determination as to judicial review of corporation franchise fee, a public issue being involved (CLS 1961, §§ 450.309, 600.631).*

SEPARATE OPINION.

T. E. BRENNAN, C. J.

15. CORPORATIONS—FRANCHISE FEE—REMAND—PROCEDURE.

*Remand to circuit court of proceeding by plaintiff corporation to set aside redetermination of deficiency in its franchise fee should be made without designating procedure to be followed, where procedure on remand is not in issue nor essential to decision.*

Appeal from Court of Appeals, Division 2, Lesinski, C. J., and R. B. Burns and Fenlon, JJ., reversing Ingham, Coash (Louis E.), J. Submitted March 5, 1969. (Calendar No. 13, Docket No. 52,183.) Decided September 3, 1969.

13 Mich App 153, reversed.

Complaint by Detroit Edison Company, a New York corporation, against the Department of Treasury of Michigan, Allison Green, State Treasurer, and Lloyd L. Anderson, Deputy State Treasurer, to set aside a redetermination of deficiency in plaintiff's franchise fee. Defendants' motion for accel-

erated judgment denied.  Defendants appealed.  Reversed and remanded by Court of Appeals.  Plaintiff appeals.  Reversed and remanded for further proceedings.

*Fischer, Sprague, Franklin & Ford (Gerald C. Simon* and *George A. Leininger,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William D. Dexter* and *Robert J. Taube,* Assistant Attorneys General, for defendants.

BLACK, J. *(for reversal).*  Stimulated by no judicial bravos, the present attorney general has—for this latest Edison Case[1]—delivered an errant encore of that *aria buffa* which, nearly a decade ago, his predecessor chanted before a not very enthusiastic Court.  See what we have come to know as the second *Edison Case (Detroit Edison Company* v. *State,* 361 Mich 290, decided September 16, 1960). The attorney general intoned then, and Attorney General Kelley chants now, that the remedy of review before the corporation tax appeal board (provided by PA 1921, No 85, as amended by PA 1954, No 153; CLS 1961, § 450.309 [Stat Ann 1963 Rev § 21.210])[2] was and is exclusive; the 1959 official

---

[1] For details disclosing the manner in which today's issue arose and came to present review, see *Detroit Edison Co.* v. *Department of Treasury* (1968), 13 Mich App 153, reversing the denial by Ingham Circuit Judge Coash of the treasury department's motion for accelerated judgment.

[2] "Sec. 9.  Every corporation subject to the provisions of this act shall be notified as soon as practicable of the computation of its franchise fee made pursuant to * * * this act in the event it has remitted an amount in excess of the proper fee or has any further liability with respect thereto.  If the corporation shall have remitted an amount in excess of its fee as properly computed * * * any such excess shall be refunded, or, at the

crescendo having been that "jurisdiction is lodged exclusively in the corporation tax appeal board pursuant to PA 1921, No 85, as amended." (361 Mich 290, 296, 297.)   We thought that song had ended with our wholly negative decision of 1960, but the melody seems to linger on, and on, and on.

We hold again, as in the second *Edison Case,* that the administrative remedy contended for by the attorney general is *not* exclusive.   We hold further that Edison has rightfully sought review, pursuant to the administrative procedures act (PA 1952, No 197 [CLS 1961, § 24.101 *et seq.,* Stat Ann 1961 Rev § 3.560(21.1) *et seq.*]), of the whole of what in great part is now conceded to be another gross over-assessment of Edison's statutorily payable franchise fees.[3]   The judgment of the Court of Appeals is therefore reversed with remand for reinstatement of the circuit court's order denying the treasury department's motion for accelerated judgment.

---

option of the corporation, shall be credited to the account of the corporation for application to any franchise fee liability such corporation may incur thereafter.   Any such corporation may apply for a redetermination of its franchise fee by filing a written request therefor with the corporation and securities commission within 20 days after receipt of notice of the original computation above referred to.   The commission shall give prompt consideration to such request and the grounds of complaint therein set out and shall promptly redetermine the liability of such corporation.

"Any corporation conceiving itself to be aggrieved by any such redetermination may appeal within 20 days after notification thereof to an appeal board composed of the attorney general as its chairman, the state treasurer, and the auditor general as its secretary.   The appeal board shall recompute the liability of the taxpayer and shall notify the taxpayer and the commission promptly on its decision.

"The commission and/or the corporation may, within 30 days after notification of such decision, and not after, appeal from the decision of the appeal board to the supreme court of the state.

'  "The appeal board shall prescribe reasonable rules and regulations for the conduct of its proceedings."

[3] The conceded over-assessment, made by the redeterminers appointed and acting under the first paragraph of said section 450.309, is $2,142,834.74.   The total assessment, which Edison sought and now seeks to review under the administrative procedures act, amounts to $3,311,806.17.

FIRST:   THE QUESTION OF EXCLUSIVE REMEDY.

When the second *Edison Case* came to consideration and decision, all of the Justices agreed upon the result reached: that result being reversal upon unanimous determination that the remedy of review provided by CLS 1961, § 450.309 is *not* exclusive. Our differences then were as to the *preferred* method of achieving such a result upon the record made, and each of the preferences was selective without disparagement of the other. Two Justices, this writer and Justice SOURIS, stood for reversal on ground that the court of claims act provided an alternately available forum for determination of Edison's claim for reimbursement of what the corporation and securities commission had compelled it to pay in order to obtain a certificate of corporate good standing. Three others, Justices CARR, DETHMERS, and KELLY, grounded their judgment of nonexclusivity on an even broader base, that "It is significant that the legislature [referring to the act of 1921 as amended] did not specify that the remedies to a corporation, thereby afforded, would be exclusive."   (p 307.) Two others, Justices EDWARDS and TALBOT SMITH, grounded their votes for the same result on the equally tenable view that "plaintiff's [Edison's] normal administrative remedy had been barred by the refusal of the commission to issue the redetermination called for by the statute."   (p 308.)

As against the second *Edison Case* Division 2 erred seriously when the assigned judges agreed (13 Mich App 153, 157):

"In our opinion plaintiff's exclusive method of review from the redetermination by the treasury department was an appeal to the appeal board. The circuit court, not having jurisdiction, should have granted defendants' motion for accelerated judgment."

In order that this question of allegedly exclusive remedy may be settled with new finality, we formally adopt the following portion of Justice Carr's opinion of the second *Edison Case* (pp 306, 307):

"The motion to dismiss was granted on the ground that the court of claims was without jurisdiction to hear and determine the matter. It was the opinion of the presiding judge that under PA 1921, No 85, as amended by PA 1954, No 153 (CLS 1956, §§ 450-.309, 450.310 [Stat Ann 1959 Cum Supp §§ 21.210, 21.210(1)]), plaintiff was limited to the remedies allowed by the procedure therein set forth. The specific sections cited provide for notice to a corporation subject to the provisions of the act as to the amount of its franchise fee liability, with the right to ask for a redetermination thereof by the commission within a period of 20 days after receipt of such notice. Review by an appeal board composed of the attorney general, the State treasurer, and the auditor general, may be claimed by either the commission or the corporation, with subsequent review by this Court. The amendments made further permitted a demand for a refund on the part of a corporation for an excessive payment made by it for franchise fee liability with the right of review by the appeal board and subsequently by this Court. Such methods of procedure were indicated to be independent, it apparently being the intention of the legislature that either or both might be followed.

"It is significant that the legislature did not specify that the remedies to a corporation, thereby afforded, would be exclusive. In view of the decision of this Court in *In re Consolidated Freight Co.* [1933], 265 Mich 340, 348 (4 PUR NS 397), it may be assumed that the legislature intended that the review in this Court should be confined wholly to questions of law, in other words, an appeal in the nature of certiorari. If, therefore, the statutory procedure under the 1954 act, above cited, is exclusive, a corporation consider-

ing itself aggrieved by being required to pay the amount of the franchise fee as fixed by the commission has no remedy by which factual issues can be tried in court."

SECOND: THE ADMINISTRATIVE PROCEDURES ACT.

It will not take long to point out that this act (PA 1952, No 197, as amended) by section 1 thereof defines "agency" as meaning "any state board, commission, department, bureau or officer, authorized by law to make rules or to adjudicate contested cases, except the workmen's compensation commission, the employment security commission, the department of revenue, the public service commission and those in the legislative and judicial branches."[4] The section quoted expressly includes all boards, commissions, departments, bureaus and officers except those expressly excepted. Neither the former corporation and securities commission nor the present treasury department and the officers and directors thereof are expressly excepted. Edison therefore was and now is possessed of right to review, under the administrative procedures act, the aforesaid redetermination, a redetermination which, as shown by its complaint below, was made under the first paragraph of CLS 1961, § 450.309. Indeed, the administrative procedures act provides that available remedy which eliminates need for determination of a serious constitutional question, to which we now briefly advert.

The constitutional question, stated baldly from and upon questions put and answers made during oral argument of this case, is whether the paragraph 2 remedy provided by CLS 1961, § 450.309 could, as

---

[4] "Any," as employed in section 1, takes in "all", "of every kind", and "each one of all." It seems indeed "to mean just what it says." See discussion of "any" in *Harrington* v. *Inter-State Business Men's Accident Ass'n* (1920), 210 Mich 327, 330, 331 and in *Gibson* v. *Agricultural Life Ins. Co. of America* (1937), 282 Mich 282, 288, 289.

the attorney general would apply it here,[5] provide Edison with that kind of due process which authorities like *In re Murchison* (1955), 349 US 133 (75 S Ct 623, 99 L Ed 942); *Lookholder* v. *State Highway Commissioner* (1958), 354 Mich 28, and *Glass* v. *State Highway Commissioner* (1963), 370 Mich 482, minimally require. The significance of these authorities is appropriately summed up in the recent text of 16 Am Jur 2d, Constitutional Law, § 582, p 988:

"§ 582. *Requirements of fairness and impartiality.*

"Due process requires that the tribunal be a fair and impartial one. Impartiality is lacking where a member of the tribunal has a pecuniary interest in the outcome of the proceeding. And a statute which compels a litigant to submit his controversy to a tribunal of which his adversary is a member does not afford due process of law."

Consider the appeal board which the second paragraph of CLS 1961, § 450.309 constitutes. It is composed of 3 members. One is the attorney general. One is the State treasurer. The latter has already decided the issue which the attorney general says must be reviewed by the appeal board; the treasurer having sat as a statutory redeterminer of the assessment now in question. As for the attorney general, granting him the utter purity of a Galahad, we can only say (as in *Offutt* v. *United States* [1954], 348 US 11, 14 [75 S Ct 11, 99 L Ed 11] and repeated in *In re Murchison, supra* at 136) that to perform its high function in the best way "justice must satisfy the appearance of justice." The attorney general's appearance as advocate now for review by the appeal

---

[5] "A statute valid as to one set of facts may be invalid as to another. A statute valid when enacted may become invalid by change in the conditions to which it is applied." Brandeis, J., writing for the Court in *Nashville, C. & St. L. R. Co.* v. *Walters* (1935), 294 US 405, 415 (55 S Ct 486, 79 L Ed 949).

board, then his nimble ascendancy to the appeal board for decisional purposes, and then his return to advocacy for the purposes of appeal under the third paragraph of the same section; all this naturally raises the appearance—only that of course—of injustice. No more need be said.

Upon remand the circuit court will proceed toward prompt determination of all meritorious issues raised by plaintiff's complaint and whatever answer thereto the attorney general files. From such determination any party deeming itself or himself aggrieved may appeal directly to this Court as on granted leave. Plaintiff will have costs of all three courts thus far sustained.

DETHMERS, J., concurred with BLACK, J.

KELLY, J., concurred in the result.

T. G. KAVANAGH, J. *(concurring).* I agree that the decision of the Court of Appeals must be reversed and the case remanded to the circuit court for determination of the issues raised by the pleadings, for as was held in the second *Detroit Edison Case,*[1] the administrative remedy is not exclusive.

I do not perceive the administrative procedures act[2] to be the source of this requirement, however, for I do not regard the contest here between the corporation and securities commission and the taxpayer to be a "contested case" as defined in that act.

" 'Contested case' means a proceeding before an agency in which the legal rights, duties or privileges of a specific party or parties are required by law or

---

[1] *Detroit Edison Company* v. *State* (1960), 361 Mich 290.—RE-PORTER.

[2] PA 1952, No 197, as amended (CLS 1961, § 24.101 *et seq.,* Stat Ann 1961 Rev § 3.560 [21.1] *et seq.*).

constitutional right to be determined after an opportunity for an agency hearing" says the statute (CLS 1961, § 24.101, Stat Ann 1961 Rev § 3.560 [21.1]).

I cannot find in the statute[3] providing for the imposition of the franchise fee any provision for an opportunity for a hearing before the agency either in the determination, or redetermination, of the tax. Hence, whatever the fierceness of this controversy at this point it is not a "contested case". See discussion of what constitutes a "contested case" in *Sherwin* v. *State Highway Commissioner* (1961), 364 Mich 188, 195.

The corporation tax appeal board is improperly constituted. The problem stems from Constitution of 1963, art 5, § 2, which requires that all executive and administrative offices, agencies, and instrumentalities of the executive branch of State government and their respective functions, powers, and duties, except for the office of governor and lieutenant governor and the governing bodies of institutions of higher education provided for in the Constitution, shall be allocated by law among and within not more than 20 principal departments.

The membership of the corporation tax appeal board, as presently constituted, consists of the attorney general, State treasurer who is appointed by the governor, and the director of the department of licensing and regulation designated by executive order of the governor.[4] Under the provisions of section 90 of the executive organization act of 1965, being PA 1965, No 380, as amended by PA 1966, No 324 (MCLA § 16.190, Stat Ann 1969 Rev § 3.29[90]), all powers, duties, and functions relating to the collection of fees and charges to be paid by profit cor-

---

[3] PA 1921, No 85, § 9, as amended by PA 1954, No 153 (CLS 1961, § 450.309, Stat Ann 1963 Rev § 21.210).

[4] Executive Order 1966-6.—Reporter.

porations, both domestic and foreign, have been transferred to the department of treasury of which the appointed State treasurer is the head. Since this reorganization took place, the former corporation and securities commission is no longer autonomous but such existence as it has is within the department of treasury. The State treasurer, as the department head, is responsible for making the determination of the franchise and privilege fees to be imposed on profit corporations pursuant to the statute. If a redetermination is requested, it is to be made by the State treasurer. Appeal from such a determination or redetermination is made to the corporation tax appeal board now composed of the same State treasurer, the attorney general, and the director of the department of licensing and regulation.

The attorney general is the legal adviser to the State treasurer (CL 1948, § 14.32 [Stat Ann 1969 Rev § 3.185]). In addition, he is required when requested to prosecute and defend all suits relating to matters connected with the department of treasury (CL 1948, § 14.29 [Stat Ann 1969 Rev § 3.182]). This places him in the untenable position of an advocate and a judge.

Thus two of the three present members of the corporation tax appeal board do not meet the Constitutional test for due process as set forth in *In re Murchison* (1955), 349 US 133 (75 S Ct 623, 99 L Ed 942).

In such circumstance, PA 1961, No 236, § 631 (CLS 1961, § 600.631, Stat Ann 1962 Rev § 27A.631) authorizes appeal to the circuit court and accordingly the matter should be remanded to that court for trial.

In view of the provision that the circuit court shall "exercise jurisdiction with respect thereto as in non-

jury cases," since there is no record here, the court should be directed to permit either party to introduce such evidence as may be necessary properly to establish its case.

I would award no costs as a public issue is involved.

T. M. Kavanagh and Adams, JJ., concurred with T. G. Kavanagh, J

T. E. Brennan, C. J. (concurring). The judgment of the Court of Appeals is reversed and the cause is remanded to the circuit court for the reasons given in both concurring opinions. The appropriate procedure in circuit court, after remand, is not in issue nor essential to decision.