CLARK EQUIPMENT COMPANY v DEPARTMENT OF
TREASURY, REVENUE DIVISION

Docket No. 56137. Argued April 10, 1975 (Calendar No. 16).—Decided
    June 24, 1975.

> Clark Equipment Company's annual corporation franchise fee
> reports for 1966 and 1967 were timely filed. The fee, as com-
> puted by the Franchise Fee Division, Department of Treasury,
> was in each instance in excess of the fee computed by the
> corporation in its report. The deficiencies were paid and the
> reports were accepted. The Revenue Division, Department of
> Treasury, issued a subpoena *duces tecum* seeking books and
> records relating to the 1966 and 1967 franchise fees for the
> purpose of redetermining the fees. Clark brought an action to
> enjoin enforcement of the subpoena and to quash it. The
> Ingham Circuit Court, Sam Street Hughes, J., entered sum-
> mary judgment quashing the subpoena. Defendant appealed to
> the Court of Appeals (Docket No. 16012) and was granted leave
> to appeal to the Supreme Court prior to decision by the Court
> of Appeals. *Held:*
>
> 1. The Franchise Fee Division of the Department of Treasury
> exhausts its statutory authority when, following receipt of the
> annual report of a corporation, it "computes" the franchise fee
> of the corporation; the division is not authorized to recompute
> the fee if it subsequently obtains what it regards as more
> accurate information.
>
> 2. Until March 25, 1975, the Legislature failed to provide any
> means by which a different franchise fee could be computed
> after the fee had once been computed and the annual report of
> a corporation accepted.
>
> Williams, J., dissented on the ground that the franchise fee
> act permits a final determination of the franchise fee after
> acceptance of the corporation's annual report, and the result
> reached in the decision in this case is not in keeping with the

REFERENCES FOR POINTS IN HEADNOTES
[1–6, 8] 71 Am Jur 2d, State and Local Taxation §§ 94, 267.
[7] 73 Am Jur 2d, Statutes §§ 39, 41.

statutes, nor is it consistent with the principle that all taxpayers contribute their fair share.

Affirmed.

### OPINION OF THE COURT

1. TAXATION—CORPORATIONS—ANNUAL REPORT—FRANCHISE FEE—COMPUTATION.

The Franchise Fee Division of the Department of Treasury exhausts its statutory authority when, following receipt of the annual report of a corporation, it "computes" the franchise fee of the corporation; the division is not authorized to recompute the fee if it subsequently obtains what it regards as more accurate information.

2. TAXATION—CORPORATIONS—FRANCHISE FEE—ANNUAL REPORT—DEFICIENCY.

The Franchise Fee Division of the Department of Treasury and its predecessor, having computed the tax and accepted and filed a corporation's annual reports for the years in dispute, was without authority to compute the franchise fee a second time and, hence, was without authority to levy a deficiency.

3. TAXATION—STATUTES—CORPORATIONS—FRANCHISE FEE—FIELD AUDIT.

The statutes establishing the procedures for the computation and collection of the corporate franchise fee contain no language expressly or impliedly authorizing field audits (MCLA 450.301–450.310).

4. TAXATION—FRANCHISE FEE—COMPUTATION.

It is too late for the Franchise Fee Division of the Department of Treasury to "work in conjunction" with the Department of Revenue in the "computation" of a franchise fee after it has been computed; whatever "work" is done "in conjunction" with the Department of Revenue manifestly is to be done before the Franchise Fee Division "computes" the fee and any information obtained after computation can be utilized only to assist the division in the computation of fees for subsequent years.

5. TAXATION—CORPORATIONS—FRANCHISE FEE—FINAL DETERMINATION—FIELD AUDIT.

Statutory language requiring a corporation "to furnish detailed and exact information touching such several matters before making a final determination" did not contemplate computations of franchise fees based on field audits but, rather, compu-

tations based on information obtained without audits (1921 PA 85).

6. TAXATION—FRANCHISE FEE—CORPORATIONS—ANNUAL REPORT.

The Legislature has failed to provide any means by which a different franchise fee can properly be computed after the fee has once been computed and the annual report of a corporation accepted.

7. TAXATION—STATUTES.

The law of taxation is statutory, and historically the prerogative of the legislative branch.

DISSENTING OPINION

WILLIAMS, J.

8. TAXATION—CORPORATIONS—FRANCHISE FEE—REDETERMINATION.

*A holding that the Franchise Fee Division of the Department of Treasury exhausts its authority when it computes a corporation's franchise fee after receiving the corporation's annual report is not in keeping with the General Corporation Act or the franchise fee statute, nor with the principle that all taxpayers contribute their fair share (MCL 450.1 et seq., 450.301 et seq.).*

*Dickinson, Wright, McKean & Cudlip* (by *T. Donald Wade, Ernest Getz,* and *Benjamin O. Schwendener, Jr.),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *Charles E. Liken,* Assistants Attorney General, for defendant.

LEVIN, J. The circuit court entered summary judgment in favor of the plaintiff quashing a subpoena issued in August, 1971 by the defendant seeking books and records for the purpose of redetermining corporation franchise fees for the years 1966 and 1967.

The plaintiff's annual reports for those years were timely filed. The fee, as computed by the

Franchise Fee Division, Department of Treasury, was in each instance in excess of the fee computed by the corporation in its report. The deficiencies were paid. The 1966 report was accepted November 9, 1966 and the 1967 report was accepted January 23, 1968.

In *Borden, Inc v Department of Treasury*, 391 Mich 495; 218 NW2d 667 (1974), an equally divided Court affirmed an opinion of the Court of Appeals (43 Mich App 106; 204 NW2d 34 [1972]) which had held that the Department of Treasury is without power to recompute the franchise fee of a corporation after the annual report and franchise fee have been accepted.

For the reasons set forth in the *Borden* opinion for affirmance (391 Mich pp 500–510; 218 NW2d pp 668–674), we affirm the judgment of the circuit court quashing the subpoena.[1]

Affirmed.

T. G. KAVANAGH, C. J., and M. S. COLEMAN and J. W. FITZGERALD, JJ., concurred with LEVIN, J.

WILLIAMS, J. *(dissenting)*. For the reasons set forth in *Borden, Inc v Department of the Treasury*, 391 Mich 495; 218 NW2d 667 (1974), opinion for reversal, I respectfully dissent.

The decision of the Court today allows corporate taxpayers who otherwise would be liable for adjustments in their franchise fee tax to successfully avoid further liability once the Department of the Treasury has accepted the taxpayer's annual report under § 84 of the General Corporation Act.[1] Such a result is not in keeping with the require-

---

[1] 1975 PA 13, approved March 25, 1975 with immediate effect, authorizes audit of a corporation by the Department of Treasury and assessment of a deficiency and provides periods of limitation.

[1] MCLA 450.84; MSA 21.84.

ments of the General Corporation Act[2] and the fees, taxes and charges act[3] nor is it consistent with the principle that all this state's taxpayers contribute their fair share to the state's Treasury.

The decision of the lower court should be reversed.

SWAINSON and LINDEMER, JJ., took no part in the decision of this case.

---

[2] MCLA 450.1 *et seq.;* MSA 21.1 *et seq.*
[3] MCLA 450.301 *et seq.;* MSA 21.201 *et seq.*