INTERNATIONAL BUSINESS MACHINES CORPORATION v
DEPARTMENT OF TREASURY

1. ADMINISTRATIVE LAW—JURISDICTION—CIRCUIT COURT—EXHAUSTION
   OF REMEDIES—STATUTES.

   All administrative remedies must be exhausted before a circuit
   court has subject-matter jurisdiction over a case before an
   administrative agency and the circuit court is duty bound to
   restrict its operation to be within the limits of its statutorily
   fixed jurisdiction even if this issue is not raised by the parties;
   however, exhaustion of administrative remedies is not an in-
   flexible condition precedent to judicial consideration and should
   not be required if review of the agency's final decision would
   not provide an adequate remedy (MCLA 24.301; MSA
   3.560[201]).

2. ADMINISTRATIVE LAW—JUDICIAL REVIEW—EXHAUSTION OF ADMINIS-
   TRATIVE REMEDIES—APPEAL AND ERROR—STATUTES.

   A circuit court's failure to recognize that judicial review of an
   agency's action prior to the exhaustion of administrative reme-
   dies should be by leave granted only and not as of right was
   harmless error where the circumstances surrounding the case
   would justify a grant of leave for judicial review (MCLA 24.301;
   MSA 3.560[201]).

3. TAXATION—CORPORATIONS—FRANCHISE FEE—COMPUTATION OF
   TAXES.

   The Corporation Franchise Fee Division of the Department of
   Treasury exhausts its statutory authority when it computes the
   franchise fee of a corporation following receipt of the corpora-
   tion's annual report; the division is not authorized to recom-
   pute the fee if it subsequently obtains what it regards as more
   accurate information.

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law §§ 598, 600, 604.
[2] 2 Am Jur 2d, Administrative Law § 595 *et seq.*
[3–5] 71 Am Jur 2d, State and Local Taxation §§ 266–276.
[6] 73 Am Jur 2d, Statutes §§ 347–355.
[7] 71 Am Jur 2d, State and Local Taxation § 8.

4. Taxation—Corporations—Annual Reports—Franchise Fee— Acceptance of Annual Report.

An annual report of a corporation which has been submitted to the Corporation Franchise Fee Division of the Department of Treasury may be considered "accepted" by the division where there is evidence of the treasury's own calculations on the face of the documents, even though the report has not been stamped "accepted".

5. Taxation—Corporations—Franchise Fee—Deficiencies—Statute of Limitations—Statutes.

There is a four-year statute of limitations for the assessment of a franchise fee deficiency; however, the statute which permits this, enacted in 1975, should not be given retroactive effect and therefore the statute cannot be used to give the Department of Treasury the authority to recompute corporate franchise fee assessments on any franchise fee computed by the Treasury Department prior to March 25, 1975 (MCLA 450.309a; MSA 21.210a).

6. Statutes—Retroactive Effect—Legislative Intent.

It is a fundamental rule of law that the Legislature must give a clear, direct and unequivocal expression of its intent to that effect if a statute is to have retroactive effect.

7. Taxation—Statutes—Statutory Construction.

The scope of tax laws may not be extended by implication or forced construction; such laws may be made plain, and the language thereof, if dubious, should not be resolved against the taxpayer.

Appeal from Ingham, James T. Kallman, J. Submitted November 8, 1976, at Lansing. (Docket No. 27120.) Decided May 16, 1977. Leave to appeal denied, 401 Mich 816.

Complaint by International Business Machines Corporation against the Michigan Department of Treasury, Revenue Division, and Corporation Franchise Fee Division, seeking to quash a subpoena *duces tecum* issued by the defendant and to enjoin the defendant from attempting to enforce subpoenas to redetermine franchise taxes for the years 1971 through 1973. Subpoena quashed and defendant permanently enjoined from attempting

to enforce claims for franchise fee deficiencies for 1971 through 1973. Defendant appeals. Affirmed.

*Dickinson, Wright, McKean, Cudlip & Moon* (by *T. Donald Wade* and *Benjamin O. Schwendener, Jr.*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Richard R. Roesch* and *Charles E. Liken,* Assistants Attorney General, for defendant.

Before: BASHARA, P. J., and M. F. CAVANAGH and D. C. RILEY, JJ.

M. F. CAVANAGH, J. Defendant appeals from an order of the circuit court which permanently enjoined them from attempting to enforce claims for franchise tax deficiencies against plaintiff corporation for the years 1971 through 1973.

This dispute concerns the Michigan corporate franchise tax, MCLA 450.304 *et seq.;* MSA 21.205 *et seq.*[1] The franchise fee is assessed annually against corporations organized or doing business in Michigan for the privilege of doing business in the state. The annual fee is based on the amount of paid up capital and surplus. MCLA 450.304; MSA 21.205.

For each of the privilege years 1971, 1972, and 1973, plaintiff sent an annual report and tendered payment of the franchise fee to the Department of Treasury (Treasury). These annual reports were marked either "filed" or "received" by the Trea-

[1] The corporate franchise tax has been replaced by the Single Business Tax Act, 1975 PA 228; MCLA 208.1 *et seq.;* MSA 7.558(1) *et seq.* Through 1975 PA 230, § 1(3), the Legislature extended the life of the franchise tax act to allow collection of any franchise fee due under the act for a period prior to its repeal.

sury on August 16, 1971, August 17, 1972, and November 8, 1973, respectively. The annual report for 1971 was marked "Accepted" on June 8, 1972. The reports for 1972 and 1973 were never marked "accepted".

On May 1, 1975, the Treasury issued a subpoena *duces tecum* to the plaintiff in order to examine plaintiff's records for franchise tax liability for the years 1971 through 1974. On May 23, 1975, plaintiff responded by filing suit requesting the circuit court to quash the subpoena and enjoin the defendant from attempting to enforce subpoenas to redetermine franchise taxes for the years 1971 through 1973.

On July 8, 1975, the Treasury issued determination No. 31191, which purported to redetermine plaintiff's franchise fees for 1971 through 1974 and disclosed a deficiency amounting to $377,335 plus interest.

The circuit court quashed defendant's subpoena on July 11, 1975, reasoning that the defendant's authority to assess deficiencies under the franchise tax had been exhausted by the defendant's computations of the tax and acceptance of the annual reports.

In response to the Treasury's order of redetermination, plaintiff filed an amended complaint seeking a permanent injunction against enforcement of the asserted deficiencies or recomputation of the franchise fees. Defendant moved for reconsideration of the July 11, 1975, decision, and plaintiff moved for summary judgment based on GCR 1963, 117.2(2), (3). After hearing both motions, the circuit court held that determination No. 31191 was a nullity, permanently enjoined the defendant from attempting to enforce claims for franchise fee deficiencies for 1971 through 1973, and reaffirmed

its previous decision to quash the Treasury's subpoena.

On appeal, the defendant asserts reversible error on three grounds:

(1) The circuit court lacked jurisdiction to enjoin collection of the deficiencies in determination No. 31191 because the plaintiff had not yet exhausted its administrative remedies.

(2) Redetermination of the plaintiff's franchise fee liability for 1972 and 1973 was not precluded because the annual reports submitted for those years had not yet been "accepted" by the Treasury.

(3) Even if the annual reports were "accepted", the Legislature has given new statutory authority to the Treasury to reopen what were previously "final" franchise fee determinations.

We find no error and affirm.

## I. *Exhaustion of administrative remedies*

The Treasury's assertion that the circuit court was deprived of subject matter jurisdiction is founded on the claim that the plaintiff was required to exhaust its administrative remedies in the dispute over determination No. 31191. We note at the outset that plaintiff has never challenged the merits of the claimed deficiencies; rather, it has consistently asserted that the Treasury lacked the *power* to reopen the issue of tax liability for years 1971–1973.

Michigan courts have long recognized the importance of the doctrine of exhaustion of administrative remedies. Our Legislature has incorporated that requirement into the Administrative Procedures Act, § 64 and § 101; MCLA 24.264, 24.301;

MSA 3.560(164), 3.560(201), although the former section is not directly applicable to this case.[2]

MCLA 24.301; MSA 3.560(201) provides:

"When a person has exhausted all administrative remedies available within an agency, and is aggrieved by a final decision or order in a contested case, whether such decision or order is affirmative or negative in form, the decision or order is subject to direct review, by the courts as provided by law. Exhaustion of administrative remedies does not require the filing of a motion or application for rehearing or reconsideration unless the agency rules require the filing before judicial review is sought. *A preliminary, procedural or intermediate agency action or ruling is not immediately reviewable, except that the court may grant leave for review of such action if review of the agency's final decision or order would not provide an adequate remedy.*" (Emphasis supplied.)

Although neither party devoted much attention to this issue in the circuit court proceedings (the circuit court did not even discuss it), the statute makes it clear that the circuit court's subject matter jurisdiction in this case depends upon exhaustion of administrative remedies. Even if this issue is not raised by the parties, the circuit court is duty bound to restrict its operations to be within the limits of its statutorily fixed jurisdiction.

Plaintiff seeks judicial review of "preliminary" and "procedural" action or rulings of the Treasury. Even though the trial court apparently concluded erroneously that the Treasury's actions were reviewable as of right, we hold that the circumstances of this case justify a grant of leave

[2] No party claims here that a Treasury "rule" is at issue, and we decline to raise that question on a barren record. *See* MCLA 24.207; MSA 3.560(107).

for judicial review, rendering the circuit court's error harmless.

Exhaustion of administrative remedies serves several policies: (1) an untimely resort to the courts may result in delay and disruption of an otherwise cohesive administrative scheme; (2) judicial review is best made upon a full factual record developed before the agency; (3) resolution of the issues may require the accumulated technical competence of the agency or may have been entrusted by the Legislature to the agency's discretion; and (4) a successful agency settlement of the dispute may render a judicial resolution unnecessary. See *Judges of the 74th Judicial District v Bay County,* 385 Mich 710, 727–728; 190 NW2d 219, 226 (1971).

Exhaustion of administrative remedies is not an inflexible condition precedent to judicial consideration, however, and will not be required if review of the agency's final decision would not provide an adequate remedy, MCLA 24.301; MSA 3.560(201), *i.e.,* if it would run counter to the policies which underlie the doctrine. That is the case here. Plaintiff's suit seeks to avoid the expenses of litigation and disclosure which would be incurred by submitting to the agency's procedures for redetermination. The very harm that plaintiff seeks to avoid would inevitably occur if plaintiff were required to exhaust administrative remedies before access to judicial review. Moreover, the issue of the agency's statutory authority is clearly framed for the court. Extensive fact findings are unnecessary, and the decision does not demand special technical expertise. Under these circumstances, the circuit court's failure to recognize that judicial review of the Treasury's actions required a grant of leave was harmless error.

## II. *Finality of the plaintiff's franchise fee reports for the years 1971–1973*

The defendant asserts that since the annual reports for 1972 and 1973 were not stamped "accepted", those reports did not represent "final determinations" of the franchise fee for those years.

The issue of the power of the Treasury to unilaterally redetermine a corporation's franchise fee has been conclusively settled by the Supreme Court in *Borden, Inc v Department of Treasury,* 391 Mich 495; 218 NW2d 667 (1974), and *Clark Equipment Co v Department of Treasury, Revenue Division,* 394 Mich 396; 230 NW2d 548 (1975):

"When, following receipt of the annual report of a corporation, the Franchise Fee Division 'computes' the franchise fee of the corporation, it exhausts its authority under the statute. The Division is not authorized to *re-*compute the fee if it subsequently obtains what it regards as more accurate information." (Emphasis in original.) *Borden, Inc, supra,* at 500; 218 NW2d at 668.

Though the Supreme Court stated that the reports at issue in *Clark Equipment Co, supra,* had been "accepted", it expressly reaffirmed the rationale contained in Justice LEVIN's opinion in *Borden, Inc.* That opinion rests on the reasoned conclusion that the Treasury's statutory authority is limited to *computation* of the franchise fee, 391 Mich 506–507; 218 NW2d 672–673, not on the fact that some of the *Borden* reports had been stamped "accepted".[3]

The trial court found that all of the reports had

---

[3] Defendants' assertion that "acceptance" is the key is further refuted by our observation that the *Borden, Inc* annual report for 1968 was never stamped "accepted". The Supreme Court nevertheless held that recomputation of the 1968 franchise fee was foreclosed.

been "accepted" prior to March, 1975. We read the trial court's two opinions to mean that the trial court found that the franchise fees for all three years had been computed and accepted by the Treasury, even if the "acceptance" was not noted in that exact language on the documents. Our own review of these reports convinces us of the accuracy of the trial court's findings: these reports are in important respects identical to the *Borden, Inc,* annual reports. The evidence of the Treasury's own calculations is clear on the face of the documents. The dates accompanying the calculations indicate that all of the Treasury's computations had been completed on or before March 13, 1974.

We conclude that under the Supreme Court's holdings in *Borden, Inc* and *Clark Equipment Co,* the Treasury had no authority to unilaterally redetermine the franchise fees for the years 1971 through 1973.

### III. *Effect of legislative revision in 1975 PA 13*

*Borden, Inc, supra,* held that the franchise tax statute lacked a statute of limitations which would put a limit on the Treasury's power to redetermine franchise tax liability. The Supreme Court in *Borden, Inc* also refused to "create" by implication statutory authority to conduct audits in connection with the corporate franchise tax. 1975 PA 13; MCLA 450.309–450.310; MSA 21.210–21.210(1) represents the legislative response.[4]

MCLA 450.309a; MSA 21.210a supplies a four-

---

[4] These sections are repealed effective December 31, 1977, as part of the incorporation of the franchise tax into the Single Business Tax. The provisions in 1975 PA 13 might extend beyond that date to the extent necessary for enforcement and collection of the franchise tax. *See* 1975 PA 230, § 1(2) and (3), and note 1, *supra.*

year statute of limitations for assessment of a franchise fee deficiency. MCLA 450.309b; MSA 21.210b authorizes the Treasury to audit those corporations which are subject to the franchise tax.

The Treasury argues that these revisions provide the authority necessary to reopen the previously computed franchise tax returns. According to this reasoning, any franchise fee report filed not more than four years prior to March 25, 1975, the effective date of 1975 PA 13, would be subject to the Treasury's unilateral redetermination. The three reports at issue here would fall within that category.

The trial court disagreed with the Treasury and held that the revisions should not be given retroactive effect. We agree. While the power to audit extends to any material relevant to a valid agency inquiry, once the franchise fees for 1971–1973 had been computed, the Treasury's investigative authority was ended.[5] We hold that 1975 PA 13 did not revive the Treasury's authority to compute the franchise fees.

The general, if not inflexible, rule of this jurisdiction holds that legislative enactments operate prospectively.

"'We think it is settled as a general rule in this State, as well as in other jurisdictions, that all statutes are prospective in their operation excepting in such cases as the contrary clearly appears from the context of the statute itself.'" *Briggs v Campbell, Wyant & Cannon Foundry Co,* 379 Mich 160, 164; 150 NW2d 752, 753 (1967), quoting from *Detroit Trust Co v Detroit,* 269 Mich 81, 84; 256 NW 811, 812 (1934).

---

[5] The audit power might extend to records of any year if relevant to a franchise fee report which has not yet been computed or which was filed on or after the effective date of 1975 PA 13.

Similarly, this Court, in *Olkowski v Aetna Casualty,* 53 Mich App 497, 503; 220 NW2d 97, 100 (1974), stated:

"It is a fundamental rule of law that the Legislature must give a clear, direct and unequivocal expression of its intent to that effect if a statute is to have retroactive effect."

We fail to find any indication in 1975 PA 13 that it was intended to reopen all of the franchise tax returns filed within the previous four years. Certainly the language of the revision provides no such express command. Even if we could find an implication from the statute's context that retroactive application was intended, which we cannot, we are bound to interpret ambiguities or statutory uncertainties in favor of the taxpayer.[6]

" 'Tax exactions, property or excise, must rest upon legislative enactment, and collecting officers can only act within express authority conferred by law. Tax collectors must be able to point to such express authority so that it may be read when it is questioned in court. The scope of tax laws may not be extended by implication or forced construction. Such laws may. be made plain, and the language thereof, if dubious, is not resolved against the taxpayer.' *In re Dodge Brothers,* 241 Mich 665, 669; 217 NW 777 (1928)." *Borden, Inc, supra,* at 507–508; 218 NW2d at 673.

Moreover, the Supreme Court has already refused to apply 1975 PA 13 retroactively. These revisions were already in effect at the time that *Clark Equipment Co, supra,* was argued and de-

___

[6] Even as to returns computed *after* the effective date of 1975 PA 13, the statute does not expressly authorize the Treasury to unilaterally redetermine franchise tax liability. Such authority could arise only by implication from the sections providing a statute of limitations, MCLA 450.309a(2); MSA 21.210a(2).

cided. A majority of the Court, while noting that the revisions had already taken effect, *Clark Equipment Co, supra,* at 399, n. 1; 230 NW2d at 549, held that the Treasury lacked authority to redetermine franchise fees which had already been computed. This case is indistinguishable from the facts in *Clark Equipment Co, supra,* and accordingly, we accept its result.

Since the Treasury lacked authority to reopen an inquiry into the franchise fees for the years 1971 through 1973, the circuit court properly quashed the subpoena and held determination No. 31191 to be a nullity.

Affirmed. No costs, as the issues involve a public question.