ST. CLAIR-MACOMB CONSUMERS COOPERATIVE, INC. v
DEPARTMENT OF TREASURY, CORPORATION FRANCHISE FEE
DIVISION

1. Taxation—Corporations—Franchise Fees—Annual Report—
   Deficiency.

   The Corporation Franchise Fee Division of the Department of
   Treasury lacks authority to recompute a corporation's franchise
   fees and levy a deficiency thereon where the corporation's
   annual reports for the years covered by the disputed franchise
   fee payments have already been filed with and accepted by the
   division.

2. Taxation—Corporations—Franchise Fees—Improper Deficiency
   Determinations—Refunds—Statutes.

   A corporation is entitled to a refund of additional corporation
   franchise fees collected from the corporation as a result of an
   improper deficiency determination by the Corporation Fran-
   chise Fee Division of the Department of Treasury (MCLA
   450.310; MSA 21.210[1]).

Appeal from Court of Claims, Ronald M. Ryan,
J. Submitted June 22, 1977, at Lansing. (Docket
No. 77-111.) Decided September 8, 1977. Leave to
appeal denied, 402 Mich —.

Complaint in the Court of Claims by St. Clair-
Macomb Consumers Cooperative, Inc., against the
Michigan Department of Treasury, Corporation
Franchise Fee Division, for a refund of franchise
fees. Judgment for plaintiff. Defendant appeals.
Affirmed.

*Dickinson, Wright, McKean, Cudlip & Moon* (by
*Peter S. Sheldon*), for plaintiff.

References for Points in Headnotes
[1] 71 Am Jur 2d, State and Local Taxation §§ 270, 275.
[2] 72 Am Jur 2d, State and Local Taxation §§ 1070, 1084.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *Charles E. Liken,* Assistants Attorney General, for defendant.

Before: D. F. WALSH, P. J., and QUINN and H. D. STAIR,* JJ.

PER CURIAM. Defendant appeals. Plaintiff recovered judgment against defendant in the Court of Claims. The judgment represented the full amount of a deficiency in franchise fees for the years 1967–1972 paid by plaintiff following a field audit and a redetermination, which confirmed the field audit. The deficiency arose from a finding that plaintiff was a profit rather than a non-profit corporation, but the parties have stipulated that the profit or non-profit status of plaintiff is irrelevant to a determination of this cause. The parties agree that the sole issue is whether plaintiff is entitled to a refund of the $16,274.67 sum paid by it on October 23, 1973, after its Michigan annual reports for the years covered by those payments had been filed and accepted by the division.

On the basis of *Clark Equipment Co v Department of Treasury, Revenue Division,* 394 Mich 396; 230 NW2d 548 (1975), the Court of Claims held that the deficiency in franchise fees was invalid and under MCLA 450.310; MSA 21.210(1), plaintiff was entitled to recover.

The stipulated facts and the authorities relied on by the Court of Claims fully support its judgment.

Affirmed but without costs since a public question is involved.

---

* Circuit judge, sitting on the Court of Appeals by assignment.