COHEN-HATFIELD INDUSTRIES, INC. v DEPARTMENT OF
TREASURY

1. Administrative Law—Appeals—Limitations of Action—Final
   Decisions.

   The 60-day limitation period in the Administrative Procedures
   Act for seeking review of administrative agency decisions or
   orders applies only to final decisions or orders of an agency
   (MCLA 24.304[1]; MSA 3.560[204]).

2. Administrative Law—Exhaustion of Remedies—Final Decisions
   —Adequate Remedies.

   Exhaustion of administrative remedies is not an inflexible condi-
   tion precedent to judicial consideration of a decision of an
   administrative agency and should not be required if review of
   the agency's final decision would not provide an adequate
   remedy.

3. Taxation—Corporations—Annual Report—Franchise Fee—
   Computation.

   The Franchise Fee Division of the Department of Treasury ex-
   hausts its statutory authority when, following receipt of the
   annual report of a corporation, it "computes" the franchise fee
   of the corporation; the division is not authorized to recompute
   the fee if it subsequently obtains what it regards as more
   accurate information.

Appeal from Ingham, Thomas L. Brown, J. Sub-
mitted June 8, 1977, at Lansing. (Docket No.
29637.) Decided September 8, 1977.

Complaint by Cohen-Hatfield Industries, Inc. for
review of redeterminations by the Michigan De-
partment of Treasury of plaintiff's franchise fees

References for Points in Headnotes
[1] 2 Am Jur 2d, Administrative Law § 718.
[2] 2 Am Jur 2d, Administrative Law §§ 598, 602 et seq.
[3] 71 Am Jur 2d, State and Local Taxation § 270.

and for an injunction to bar defendant from revoking plaintiff's certificate of authority to do business in Michigan. Accelerated judgment for defendant. Plaintiff moved for reconsideration. Motion denied. Plaintiff appeals. Reversed and remanded.

*Bellairs, Dean, Cooley & Siler,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *Charles E. Liken,* Assistants Attorney General, for defendant.

Before: DANHOF, C. J., and T. M. BURNS and A. E. KEYES,* JJ.

PER CURIAM. Plaintiff sought review in circuit court of redeterminations of its franchise fees for 1972 and 1973, for which a total deficiency of $22,608 was assessed, and also sought to enjoin defendant from revoking plaintiff's certificate of authority to do business in Michigan. The trial judge treated defendant's motion for summary judgment as a motion for accelerated judgment, which he granted on the ground that plaintiff's claim was untimely. From denial of plaintiff's motion for reconsideration plaintiff now appeals by right.

On October 1, 1974, defendant notified plaintiff that a field audit would be conducted on or about December 2, 1974, and that plaintiff's annual reports for the years 1970, 1971, 1973, and 1974 would be reviewed. On March 28, 1975, defendant issued determination No. D-30252 assessing a franchise fee deficiency in the amount of $31,536, plus interest, for the years 1971, 1972, and 1973. On April 24, 1975, plaintiff requested a redetermina-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion of the deficiency assessments for the years in question, and on May 7, 1975, an order of redetermination was issued affirming the deficiency in the amount of $31,536 for the years 1971, 1972, and 1973.

Plaintiff failed to appeal from the May 7, 1975, redetermination within the 30-day period specified in MCLA 450.309; MSA 21.210, but it is clear that communications between the parties continued after that time.[1] Shortly after the May 7, 1975, redetermination, on June 24, 1975, the Supreme Court decided *Clark Equipment Co v Department of Treasury, Revenue Division,* 394 Mich 396; 230 NW2d 548 (1975), in which a majority of the Court adopted Justice LEVIN's opinion for affirmance in *Borden, Inc. v Department of Treasury,* 391 Mich 495; 218 NW2d 667 (1974). A further indication that the parties did not regard the May 7, 1975, redetermination as final is supplied by defendant's reliance on the decision in *Clark* in its letter of February 24, 1976, notifying plaintiff that the department was dropping its demand for the 1971 deficiency:

"Our determination letter D-30252 was issued March 28, 1975 and redetermined May 7, 1975. A copy of the Redetermination is attached for your reference. The fees of $31,536 plus interest, cover the years 1971 through 1973. Since the Redetermination was issued, the Michigan Supreme Court stated in the Clark Equipment Case, that the Department cannot audit an accepted report.

"In checking your file, we find that the 1971 Report was accepted and we have cancelled that portion of the

---

[1] The record does not contain all of the communications that ensued but defendant's letter of February 24, 1976, refers to some of it. Defendant does not deny plaintiff's claim that, "During the period between May 7, 1975, * * * and February 24, 1976, * * * the parties were in communication concerning the substance of the department's claim."

determination of $9,928.00. We must have the balance of $22,608.00 paid, plus interest and the 1975 penalty on or before May 15, 1976 or your authority to do business in Michigan will be automatically revoked on that date."

The trial judge concluded that the May 7, 1975, notice and order of redetermination was a final determination:

"It is quite clear that the February letter only goes to the amount owed on the deficiency. There is no doubt that some was due. The only change of circumstance was the Supreme Court opinion in *Clark Equipment v Department of Treasury, Revenue Division,* 394 Mich 396 (1975). The opinion, of course, changed the operating procedure of the defendant but the merits of franchise fee determination remain unchanged. Further, the amount owed has in fact been reduced. As such, this Court is unable to find what prejudice would result from the February letter. The February letter was not a final determination, the merits were settled by the redetermination order of May 7, 1975. The appeal period should, therefore, be measured from that date."

Accordingly, he concluded that plaintiff's claim was untimely under "the 60-day appeal period of the Administrative Procedures Act", and granted accelerated judgment for defendant.

The difficulty presented by this case is that quite clearly neither the May 7, 1975, nor the February 24, 1976, redetermination letters constituted a "final decision or order of the agency" within the meaning of the Administrative Procedures Act (APA), MCLA 24.304(1); MSA 3.560(204), since plaintiff failed to appeal from either redetermination to the corporation tax appeal board, as provided by MCLA 450.309(2); MSA 21.210(2). Thus the 60-day time limitation prescribed for petitions for review of final agency decisions or orders in

APA, § 104, MCLA 24.304(1); MSA 3.560(204) is inapplicable:

"The judicial review provisions and the 60-day time limitation contained in the Administrative Procedures Act are only involved if there has been a final decision in a *contested case."* (Citations omitted.) *Ajluni v West Bloomfield School District,* 59 Mich App 213, 215; 229 NW2d 385 (1975), *rev'd on other grds,* 397 Mich 462; 245 NW2d 49 (1976).

This case is distinguishable from *Ajluni,* however, in a significant respect. There the case could not "qualify as a 'contested case', as there was no opportunity for an evidentiary hearing", and accordingly the time limitations of the APA did not apply. *Ajluni, supra,* at 216. In the present case, although the statute itself merely provides that the "appeal board shall recompute the liability of the taxpayer and shall notify the taxpayer and the department promptly on its decision", MCLA 450.309(2); MSA 21.210(2), the department has provided by rule procedures for what is clearly an evidentiary hearing on appeal from a franchise fee redetermination. See 1973 AACS R450.51–450.74.

Plaintiff has failed to exhaust its administrative remedies by pursuing an appeal to the corporation tax appeal board, and has instead sought review by the circuit court of a "preliminary, procedural or intermediate agency action or ruling", within the meaning of § 101 of the APA, MCLA 24.301; MSA 3.560(201). *International Business Machines Corp v Dept of Treasury,* 75 Mich App 604; 255 NW2d 702 (1977) (hereinafter IBM). Under that section, such actions or rulings are "not immediately reviewable, except that the Court may grant leave for review of such action if review of the

agency's final decision or order would not provide an adequate remedy".

Unfortunately, the parties and the court below proceeded under the assumption that APA § 104 governed this proceeding. The circuit court erroneously concluded that the May 7, 1975, redetermination was a final order, and that therefore plaintiff's complaint was untimely. Faced with a nearly identical procedural problem, however, this Court has already held that exhaustion of administrative remedies is unnecessary when, as here, "plaintiff has never challenged the merits of the claimed deficiencies", but, rather, "has consistently asserted that the Treasury lacked the *power* to reopen the issue of tax liability". *IBM, supra* at 608.

"Exhaustion of administrative remedies is not an inflexible condition precedent to judicial consideration, however, and will not be required if review of the agency's final decision would not provide an adequate remedy, MCLA 24.301; MSA 3.560(201), *i.e.,* if it would run counter to the policies which underlie the doctrine. That is the case here. Plaintiff's suit seeks to avoid the expenses of litigation and disclosure which would be incurred by submitting to the agency's procedures for redetermination. The very harm that plaintiff seeks to avoid would inevitably occur if plaintiff were required to exhaust administrative remedies before access to judicial review. Moreover, the issue of the agency's statutory authority is clearly framed for the court. Extensive fact findings are unnecessary, and the decision does not demand special technical expertise. Under these circumstances, the circuit court's failure to recognize that judicial review of the Treasury's actions required a grant of leave was harmless error." *IBM, supra* at 610.

Here, as in *IBM, supra,* we hold that "the circum-

stances of this case justify a grant of leave for judicial review."[2]

The remaining questions cannot be answered on this record, but it is clear that the merits of the 1972 redetermination were settled, one way or the other, by the decision in *Clark, supra.* As this Court stated in *IBM, supra,* at 611, the rationale in *Borden* adopted by the Court in *Clark,*

"rests on the reasoned conclusion that the Treasury's statutory authority is limited to *computation* of the franchise fee, 391 Mich 506–507; 218 NW2d 672–673, not on the fact that some of the Borden reports had been stamped 'accepted' ".

In the present case, the department's attempt to eradicate the word "accepted" from the 1972 report notwithstanding,[3] it appears from the dated, handwritten notations contained on the 1972 report that the department may have performed computations within the meaning of *Borden, supra* at 500:

"When, following receipt of the annual report of a corporation, the Franchise Fee Division 'computes' the franchise fee of the corporation, it exhausts its author-

---

[2] Defendant's contention that plaintiff may not seek relief in circuit court under the APA, MCLA 24.201 *et seq;* MSA 3.560(101) *et seq.* comes late in the day in view of the opinion of Justice BLACK in *Detroit Edison Co v Department of Treasury,* 382 Mich 497; 170 NW2d 39 (1969). *See Borden, Inc v Department of Treasury,* 43 Mich App 106, 108; 204 NW2d 34 (1972), *aff'd,* 391 Mich 495; 218 NW2d 667 (1974), *International Business Machines Corp v Department of Treasury,* 75 Mich App 604; 255 NW2d 702 (1977). No further consideration of this argument is necessary.

[3] The trial court had before it the affidavit of plaintiff's attorney, which stated, in essence, that his inspection of the department's internal records revealed that the 1972 report was shown as having been "accepted" on March 3, 1973.

ity under the statute. The Division is not authorized to *re*-compute the fee if it subsequently obtains what ˙it regards as more accurate information."

*Accord, IBM, supra,* at 611. In the absence of any finding on this question by the trial court, however, we abstain on this undeveloped record from exercising our power to draw inferences of fact under GCR 1963, 820.1(6), and leave the question of whether the computation was performed, and the department's authority exhausted, for resolution by the trial judge on remand.

Plaintiff does not contend that the department had performed the computations on the 1973 report prior to its redetermination, nor does there appear to be any basis for such contention. Two questions remain, however.[4] First, the trial judge must determine whether the department arrived at its deficiency determination and notified the˙ corporation "as soon as practicable of the computation". See *Borden, supra,* at 504–505, fn 5. Secondly, and closely related to the first question as it may have some bearing on its resolution, the trial judge must determine whether the department had authority to conduct the field audit on which the 1973 redetermination was based. The department's authority to conduct such audits, sharply drawn into question in *Borden, supra,* at 504–508, 509, has been complicated by the subsequent enactment of the 1975 PA 13, amending MCLA 450.309; MSA 21.210. *IBM* contains some dicta concerning the effect of that act, when the department has not yet computed the fee, see *IBM, supra,* fns 5 & 6, but we decline to express any

---

[4] If the trial judge determines that the department had not performed the computation on the 1972 report, he must consider these questions in relation to the 1972 report, as well.

opinion on this record,[5] leaving it to the trial judge to determine, upon a fuller adversary presentation by the parties, the propriety of the 1973 redetermination.

Reversed and remanded for proceedings consistent with this opinion. We retain no jurisdiction. No costs, a public question being involved.

---

[5] We note that the question in this case is further complicated by the facts that, although the field audit was conducted pursuant to notice given October 1, 1974, the department's redeterminations pursuant thereto were not computed until March 28, 1975, three days after the effective date of 1975 PA 13.