GIFFELS ASSOCIATES, INC. v DEPARTMENT OF TREASURY

Taxation—Corporations—Franchise Fees—Deficiencies—Compu-
   tation of Fee—Acceptance of Annual Reports—Protest—
   Statutes.

   Computation of franchise fees and acceptance of a corporation's
   annual report exhausts the Treasury Department's authority
   under the franchise fee act; therefore, payment of any defi-
   ciency assessed after the computation of the fee and acceptance
   of the annual report, based on unauthorized field audits, is not
   required of a taxpayer under the act and refund of amounts
   paid under protest is proper (MCLA 450.310; MSA 21.210[1],
   since repealed).

Appeal from Corporation Tax Appeal Board.
Submitted January 11, 1978, at Lansing. (Docket
No. 77-1514.) Decided March 7, 1978.

Petition by Giffels Associates, Inc., to the Corpo-
ration Tax Appeal Board for refund of a franchise
fee deficiency paid under protest. Refund granted.
Defendant, Department of Treasury, appeals by
leave granted. Affirmed.

*Boyd E. Chapin,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Richard R.
Roesch* and *Charles E. Liken,* Assistants Attorney
General, for the Department of Treasury.

Before: Bronson, P. J., and R. B. Burns and
R. E. A. Boyle,* JJ.

Reference for Points in Headnote
71 Am Jur 2d, State and Local Taxation § 270.
* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Plaintiff, Giffels Associates, Inc., filed annual reports and paid franchise fees for the years 1968 to 1971. The reports were accepted by defendant. In 1973, defendant conducted a field audit of plaintiff's books and assessed a franchise fee deficiency of $49,585.29, including interest, for the years 1968–1971, which was paid under protest. Two years later, in *Clark Equipment Co v Department of Treasury, Revenue Division,* 394 Mich 396; 230 NW2d 548 (1975), the Supreme Court held that the Franchise Fee Division of the Department of Treasury was without authority to conduct field audits and recompute franchise fees after it had once computed the tax and accepted and filed the annual reports. See, also, *Borden, Inc v Department of Treasury,* 391 Mich 495; 218 NW2d 667 (1974). Plaintiff then sought a refund, which was refused. On appeal, the Corporation Tax Appeal Board, in a 2–1 decision, ordered the refund. Defendant appeals by leave granted.

The question presented is whether plaintiff is entitled to a refund of franchise fees paid because the department was without authority to conduct a field audit and recompute the franchise fee due.

The statute under which plaintiff sought a refund provided:

"Any corporation subject to the provisions of this act which has paid to the department of treasury an amount in excess of that which it considers to have been legally due from it for any year, within 3 years from the date of such alleged overpayment and not after, may file with the department a written petition to have refunded to it the amount claimed to have been overpaid. If on the petition and the information and proof filed in support thereof, the department determines that the payment of the fee, tax or charge, or any part thereof, was not required of the petitioner by the provisions of this act, it shall cause a refund thereof

to be made or, at the option of the corporation, shall credit any such excessive payment to the account of the corporation for application to any franchise fee liability such corporation may incur thereafter. If the department is of the opinion that the payment made by the petitioner was proper it shall deny the request for refund." MCLA 450.310; MSA 21.210(1).[1]

Resolution of this case depends on whether payment of the additional tax was "not required * * * by the provisions of this act" or whether it was "proper".

In *Clark* and *Borden, supra,* the Supreme Court held that under the franchise fee act, computation of the fee and acceptance of the annual report exhausted the Treasury Department's authority. Therefore payment of any deficiency assessed after that time based on unauthorized field audits was "not required of the petitioner by the provisions of this act". MCLA 450.310; MSA 21.210(1). Refund of amounts paid under protest was proper.

We note also that this accords with the result reached by this Court in another case involving identical facts. See *St Clair-Macomb Consumers Cooperative, Inc v Department of Treasury,* 78 Mich App 287; 259 NW2d 462 (1977).

Affirmed. Costs to appellee.

---

[1] MCLA 450.304–450.310; MSA 21.205–21.210(1) were repealed by 1975 PA 230, although those sections remain in effect in proceedings involving fees paid before the repeal. *See, also,* 1975 PA 13, amending MCLA 450.310; MSA 21.210(1).