CITY OF SAGINAW v HERBERG

Docket No. 55353. Submitted February 11, 1982, at Lansing.—Decided
June 10, 1982.

Phase-In Living, Inc., whose sole shareholders are Barbara A.
Herberg and Sandra D. Morrison, applied to the Michigan
Department of Social Services (DSS) for a license to operate a
residential adult foster care facility in the City of Saginaw. A
temporary six-month license was issued. Before the license took
effect, the City of Saginaw filed an administrative complaint
and request for investigation with the DSS, alleging that the
facility was in violation of the Adult Foster Care Facility
Licensing Act (act) in several respects and requesting the DSS
to deny the license application. Before any determination was
made by the DSS, the city filed a petition in Saginaw Circuit
Court for an *ex parte* temporary restraining order and a
complaint for preliminary injunctive relief, seeking to prevent
licensure of the home in question. Defendants DSS , and its
director and the Department of Mental Health and its director,
and Herberg, Morrison and Phase-In Living, Inc., filed motions
for summary judgment, asserting that plaintiff's action was
barred because it had failed to exhaust the administrative
remedies provided in the act. The court, Eugene Snow Huff, J.,
ruled that plaintiff had failed to exhaust the administrative
remedies and that such failure deprived the court of jurisdic-
tion to hear plaintiff's claim for equitable relief. Summary
judgment was granted in favor of defendants. Plaintiff appeals.
*Held:*

1. The trial court erred in finding that it did not have
equitable jurisdiction to rule on the questions raised. Exhaus-
tion of administrative remedies is not required if review of an
agency's final decision would not provide an adequate remedy.
Plaintiff's complaint sought to enjoin licensure pending a final
resolution by the DSS, relief which was not available to plain-
tiff in any other forum. A material question of fact was before

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law §§ 556, 597, 600, 605.
[2] 1 Am Jur 2d, Administrative Law §§ 140, 141.
  2 Am Jur 2d, Administrative Law § 709.

the trial court: did licensure pending final resolution by the DSS of issues raised in the administrative complaint present a danger of irreparable injury to plaintiff. The trial court incorrectly found that equity jurisdiction did not obtain and therefore avoided this factual question.

2. The case is remanded for a determination of whether plaintiff would suffer irreparable injury from licensure of the facility pending the DSS decision on the administrative complaint.

Remanded.

1. ADMINISTRATIVE LAW — JURISDICTION — CIRCUIT COURTS — EXHAUSTION OF REMEDIES.

All administrative remedies must be exhausted before a circuit court has subject-matter jurisdiction over a case before an administrative agency and the circuit court is duty bound to restrict its operation to be within the limits of its statutorily fixed jurisdiction even if this issue is not raised by the parties; however, exhaustion of administrative remedies is not an inflexible condition precedent to judicial consideration and should not be required if review of the agency's final decision would not provide an adequate remedy (MCL 24.301; MSA 3.560[201]).

2. ADMINISTRATIVE LAW — DEPARTMENT OF SOCIAL SERVICES — ADULT FOSTER CARE FACILITIES — LICENSING — CIRCUIT COURTS — EQUITABLE JURISDICTION — INJUNCTIONS.

A trial court erred in ruling that it did not have jurisdiction to hear a plaintiff's claim for equitable relief in the form of an injunction preventing preliminary licensure of an adult foster care facility pending a decision by the Department of Social Services as to whether a license should or should not ultimately be issued to the facility.

*Floyd P. Kloc,* Chief Assistant City Attorney, for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Janis Meija* and *Fernando C. Gomez,* Assistants Attorney General, for defendants Michigan Departments of Social Services and Mental Health.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. F. WALSH, JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's order of summary judgment in favor of defendants. The question raised by this appeal is whether plaintiff was required to exhaust its administrative remedies before pursuing the circuit court action.

Defendant Phase-In Living, Inc., whose sole shareholders are defendants Herberg and Morrison, applied to the Michigan Department of Social Services (DSS) for a license to operate a residential adult foster care facility located in the City of Saginaw. The DSS conducted a study of the proposed facility and recommended that the licensee be issued a temporary six-month license to operate a small group home for six adults. On August 25, 1980, a temporary license was issued, effective on or about October 24, 1980.

On October 3, 1980, plaintiff filed an administrative complaint and request for investigation with the DSS, pursuant to the Adult Foster Care Facility Licensing Act (hereinafter the act), 1979 PA 218, §§ 23 and 24; MCL 400.723; MSA 16.610(73), and MCL 400.724; MSA 16.610(74). The administrative complaint alleged that the facility was in violation of the act in several respects and requested the DSS to deny the license application.

On October 20, 1980, before any determination was made on the administrative complaint, plaintiff filed in the Saginaw County Circuit Court a petition for an *ex parte* temporary restraining order and a complaint for preliminary injunctive relief, seeking to prevent licensure of the home in question. The *ex parte* temporary restraining order was issued October 20, 1980.

On October 28 and 29, 1980, respectively, defendants DSS and its director and the Michigan Department of Mental Health and its director

(hereinafter collectively referred to as the state) and defendants Herberg, Morrison and Phase-In Living, Inc. (hereinafter collectively referred to as the licensee) filed motions for summary judgment, asserting that plaintiff's action was barred because it had failed to exhaust the administrative remedies provided in §§ 23 and 24 of the act.

On the date set for the hearing on plaintiff's complaint for preliminary injunctive relief, the trial court instead heard arguments with regard to the question of whether the action was barred by plaintiff's failure to exhaust the administrative remedies. The court ruled that plaintiff had failed to exhaust the administrative remedies and that such failure deprived the court of jurisdiction to hear the claim for equitable relief. Therefore, the court declined to hear the merits of plaintiff's claim and granted summary judgment to defendants.

Thereafter, plaintiff filed a first amended complaint, alleging that the administrative remedies provided in §§ 23 and 24 of the act were inadequate and unconstitutional because they permitted issuance of a license prior to the final resolution of the issues raised in the administrative complaint. Plaintiff filed a motion for reconsideration of the court's previous order of summary judgment and for reinstatement of the temporary restraining order. The trial court affirmed its earlier ruling and plaintiff appeals as of right.

Plaintiff contends that the trial court erred in finding that it did not have equitable jurisdiction to rule on the questions raised. We agree.

Michigan courts have long recognized the importance of the doctrine requiring exhaustion of administrative remedies. *Attorney General v Diamond Mortgage Corp,* 102 Mich App 322, 326; 301

NW2d 523 (1980), *lv gtd* 411 Mich 1003 (1981). In *International Business Machine Corp v Dep't of Treasury,* 75 Mich App 604; 255 NW2d 702 (1977), we stated the policies underlying the exhaustion rule, but noted that the law does not require exhaustion of administrative remedies under all circumstances. We stated:

"Exhaustion of administrative remedies is not an inflexible condition precedent to judicial consideration, however, and will not be required if review of the agency's final decision would not provide an adequate remedy, MCL 24.301; MSA 3.560(201), *i.e.,* if it would run counter to the policies which underlie the doctrine." 75 Mich App 610.

In this case, the administrative remedies provided in the Adult Foster Care Facility Licensing Act are found in §§ 23, 24, and 25. Section 23 expressly authorizes the DSS to issue a license pending resolution of the matter.

In this case, plaintiff invoked the administrative process but filed the circuit court action before any decision was rendered on the administrative complaint. Plaintiff's circuit court complaint alleged that the impending licensure of the facility would violate several provisions of the act and that plaintiff would be irreparably harmed thereby. It is true that the circuit court did not have jurisdiction to resolve all of the alleged violations in the complaint. Whether a license should or should not ultimately issue is clearly a question which must first be determined by the DSS. However, the complaint sought to enjoin licensure pending a final resolution by the DSS, relief which was not available to plaintiff in any other forum. Thus, a material question of fact was before the trial court: did licensure pending final resolution by the

DSS of issues raised in the administrative complaint present a danger of irreparable injury to plaintiff? The trial court, in granting summary judgment, incorrectly found that equity jurisdiction did not obtain and therefore avoided this factual question.

The case is therefore remanded for a determination of whether plaintiff would suffer irreparable injury from licensure of the facility pending the DSS decision on the administrative complaint.

Remanded.